[Cite as *State v. Rhodes*, 2011-Ohio-5153.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 95683 and 96337

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# VINCENT RHODES

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-509952

**BEFORE:** Cooney, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 6, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By:   Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

Vincent Rhodes
Inmate No. 563-626
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Kristin Karkutt
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} In this consolidated appeal, defendant-appellant, Vincent Rhodes ("Rhodes"), appeals from a judgment resentencing him to a seven-year term of incarceration and a $250 fine plus court costs.[1] We find no merit to the appeal and affirm.

{¶ 2} Following Rhodes's convictions for kidnapping and aggravated robbery, the trial court imposed seven-year sentences for each offense and ordered them to run consecutively. The court also ordered Rhodes to pay a $500 fine and court costs, and Rhodes appealed. This court affirmed the judgment in part and remanded the case for resentencing because the two crimes were allied offenses. *State v. Rhodes*, Cuyahoga App. No. 93133, 2010-Ohio-1207.

{¶ 3} At the resentencing hearing, the court imposed a single seven-year prison sentence for aggravated robbery. The transcript of the court's pronouncement of sentence reads: "The new sentence would be $250 in costs, seven years at Lorain Correctional Institution." The sentencing journal entry, however, states:

> "The State of Ohio elects aggravated robbery as the count to be sentenced under. New Sentence is 7 years and a fine of $250.00 *and* court costs. * * *" (Emphasis added.)

{¶ 4} Rhodes filed a timely notice of appeal. While this appeal was pending, on January 24, 2011, the State filed a motion to correct the record pursuant to App.R. 9(E)

---

[1] Both Rhodes, pro se, and his appellate counsel filed separate appeals challenging the resentencing order.

arguing that the phrase "250 in costs" in the transcript was not accurate because it was the court's practice to impose a $250 fine and costs. In other words, the State claimed the phrase "$250 in costs" constituted a typographical error and did not accurately capture what the court pronounced at the hearing.

{¶ 5} On January 25, 2011, the court held a hearing and appointed counsel for Rhodes, but not his appellate counsel. Counsel waived Rhodes's presence at the hearing and conceded that the court routinely imposes both a fine and court costs when sentencing defendants, suggesting that a cap on court costs and no fine must have been a mistake. At the conclusion of the hearing, the court issued an order (the "January 25[th] journal entry") correcting the record to read: "$250 fine and court costs."

{¶ 6} The State moved, pursuant to App.R. 9(E), to supplement the record with the transcript from the hearing and the January 25th journal entry. This court granted the motion and permitted supplemental briefing on any issues pertaining to the new information in the record.

{¶ 7} Rhodes moved to strike the January 25th journal entry, claiming the hearing and subsequent journal entry violated his constitutional right to due process and right of confrontation. The merits of this motion and the validity of the January 25th journal entry are central to this appeal and are addressed together.

{¶ 8} In his sole assignment of error, Rhodes argues the court enhanced his penalty outside his presence by imposing a $250 fine *and* the full amount of the court

costs.    Rhodes contends the previous journal entry provided a $250 cap on court costs and no fine.    He maintains that the words "$250 in costs" was not a clerical error, that the court intended to cap costs at $250 and not impose any fine as part of the sentence. We disagree.

{¶ 9}   The trial court is required, by law, to assess court costs in every case, even in cases in which the defendant has been deemed indigent for purposes of appointment of counsel. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶8; R.C. 2947.23.   Further, the court may only grant a waiver of court costs if the defendant makes a motion at the time of sentencing.   *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus.   Therefore, the court could not have capped the amount of court costs absent a motion requesting a portion of the costs be waived.   Rhodes  did not seek a waiver of court costs, and the court lacked authority to "cap" costs at any amount less than the full amount.

{¶ 10} Court costs are charged in every case, and the amount of court costs varies from case to case depending on what activity took place while the case was pending. The clerk of courts keeps track of the costs as they accrue, and judges rarely, if ever, know the amount of court costs accrued in any given case.   Thus, it is not feasible that a judge would cap court costs at a specific amount.   In light of the court's lack of authority to cap costs and the reality that judges rarely know the amount of costs accrued in a case,

it is obvious that the words "$250 in costs" constituted an error in the court reporter's transcription rather than an intent to cap costs and impose no fine.

{¶ 11} We note that, generally, a court speaks only through its journal entries and not by oral pronouncement. *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶47. There is an exception, however, in criminal cases because the defendant has a constitutional right to be present at every stage of the proceedings and to know his sentence at the sentencing hearing. Crim.R. 43. Thus, if the sentence set forth in the judgment entry differs from that pronounced in the defendant's presence, the judgment entry is invalid. *State v. Carpenter* (Oct. 9, 1996), Hamilton App. No. C-950889. Where the discrepancy between the transcript and the journal entry is caused by a typographical error in the transcript, the defendant is not prejudiced and the judgment entry is valid. *State v. Babers* (June 4, 1992), Seneca App. No. 13-91-55.

{¶ 12} App.R. 9(E) authorizes the trial court to correct misstatements in the record upon "proper suggestion or of its own initiative." Nothing in App.R. 9(E) requires the court to hold a hearing. This is especially true when the misstatement is clearly a typographical error.[2] Nevertheless, since the court decided to hold a hearing, the better practice would have been to notify both Rhodes and his appellate counsel of the scheduled hearing and give them the opportunity to be heard, especially since the State's motion directly affected the sole issue in Rhodes's appeal. However, since the January

---

[2] Crim.R. 36 also allows the trial court to correct clerical errors in the record at any time.

25, 2011 entry was obviously entered to correct a clerical error and nothing either Rhodes or his counsel could have said would have changed the outcome, Rhodes was not prejudiced by their absence from the hearing.

{¶ 13} Having determined that the January 25, 2011 journal entry properly corrected the clerical error in the transcript to reflect what the court actually pronounced at the sentencing hearing, Rhodes's second appeal, which claims the sentencing journal entry modified his sentence, is moot.

{¶ 14} Accordingly, the sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR