[Cite as *State v. Rhodes*, 2012-Ohio-471.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95683 and 96337**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VINCENT RHODES

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-509952
Application for Reopening
Motion No. 451048

**RELEASE DATE:** February 6, 2012

**FOR APPELLANT**

Vincent Rhodes
Inmate No. 563-626
Trumbull Correctional Inst.
P. O. Box 901
Leavittsburg, OH 44430

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Kristin Karkutt
Diane Smilanick
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} Vincent Rhodes has filed an application for reopening pursuant to App.R. 26(B). He seeks to reopen the appellate judgment in *State v. Rhodes*, 8th District Nos. 95683 and 96337, 2011-Ohio-5153, 2011 WL 4599898, which affirmed his resentencing to a seven-year term of incarceration and a $250 fine plus costs. We decline to reopen his appeals.

{¶ 2} App.R. 26(B)(2)(b) requires that Rhodes establish "a showing of good cause for untimely filing if the application is filed more than 90 days after journalization of the appellate judgment," which is subject to reopening. The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that:

> We now reject [the applicant's] claim that those excuses gave him good cause to miss the 90-day deadline in App.R. 26(B). The rule was amended to include the 90-day deadline more than seven months before [the applicant's] appeal of right was decided by the court of appeals in February 1994, so the rule was firmly established then, just as it is today. **Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved.**

**Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication,"** *Logan v. Zimmerman Brush Co.* **(1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed 2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen.** [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. **\* \* \* The 90-day requirement in the rule is "applicable to all appellants,"** *State v. Winstead* **(1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.** (Emphasis added.) *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, at ¶7. *See also State v. LaMar,* 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970*; State v. Cooey*, 73 Ohio St.3d 411, 1995-Ohio-328, 653 N.E.2d 252; *State v. Reddick*, 72 Ohio St.3d 88, 1995-Ohio-249, 647 N.E.2d 784.

**{¶ 3}** Rhodes is attempting to reopen the appellate judgment journalized on October 6, 2011. The application for reopening was not filed until Friday, January 6, 2012, more than 90 days after journalization of the appellate judgment in *Rhodes*. Rhodes has failed to raise or argue "good cause" for the untimely filing of his application for reopening. *State v. Klein*, 8th Dist. No. 58389, 1991 WL 41746 (Apr. 8, 1991), reopening disallowed (Mar. 15, 1994), Motion No. 49260, *aff'd*, 69 Ohio St.3d 1481, 634 N.E.2d 1027; *State v. Trammell*, 8th Dist. No. 67834, 1995 WL 415171 (July 24, 1995), reopening disallowed (Apr. 22, 1996), Motion No. 70493; *State v. Travis* 8th Dist. No. 56825, 1990 WL 40573 (Apr. 5, 1990), reopening disallowed (Nov. 2, 1994), Motion No. 51073, *aff'd*, 72 Ohio St.3d 317, 649 N.E.2d 1226 (1995). *See also State v. Gaston,* 8th Dist. No. 79626, 2007 WL 117505 (Jan. 1, 2007) reopening disallowed (Jan. 17, 2007), Motion No. 391555; *State v. Torres*, 8th Dist. No. 86530, 2006-Ohio-3696, 2006 WL 2023578, reopening disallowed 2007-Ohio-9, Motion No. 390254.

**{¶ 4}** Accordingly, the application for reopening is denied.


COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR