[Cite as *State v. Johnson*, 2013-Ohio-5744.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99620

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDELL JOHNSON

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED
### IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-566485 and CR-566901

**BEFORE:** Celebrezze, P.J., Jones, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**ATTORNEY FOR APPELLANT**

Michael J. Manuszak
2905 Paxton Road
Shaker Heights, Ohio   44120


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Andell Johnson, appeals from his conviction and sentence following a guilty plea to two counts of burglary and one count of aggravated theft. After a careful review of the record and relevant case law, we affirm in part, reverse in part, and remand this case to the trial court for resentencing consistent with this opinion.

## I. Factual and Procedural History

{¶2} On September 6, 2012, appellant was indicted in Cuyahoga C.P. No. CR-566485 on two counts of burglary in violation of R.C. 2911.12(A)(2), two counts of grand theft in violation of R.C. 2913.02(A)(1), and one count of aggravated theft in violation of R.C. 2913.02(A)(1).

{¶3} On September 25, 2012, appellant was indicted in Cuyahoga C.P. No. CR-566901 on one count of aggravated burglary in violation of R.C. 2911.11(A)(2) with a one-year firearm specification, one count of grand theft in violation of R.C. 2913.02(A)(1), and theft in violation of R.C. 2913.02(A)(1).

{¶4} On January 10, 2013, appellant entered a plea in both cases. In CR-566485, he pled guilty to burglary and aggravated theft as charged in the indictment, and the remaining counts were dismissed. In CR-566901, he pled to an amended count of burglary, and the remaining counts and specification were dismissed.

{¶5} Appellant's sentencing hearing was held on February 11, 2013. In CR-566485, the trial court sentenced him to four years on the burglary count and 36

months on the aggravated theft count, to run concurrently to each other. In CR-566901, the trial court imposed a four-year sentence on the sole burglary count. The sentences imposed in each case were ordered to run consecutively to each other for a total term of imprisonment of eight years.

{¶6} Appellant now brings this timely appeal, raising four assignments of error for review.

## II. Law and Analysis

### A. Crim.R. 11

{¶7} In his first assignment of error, appellant argues that the trial court committed plain error by allowing him to waive his rights at the Crim.R. 11 hearing.

{¶8} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶9} To ensure that a plea to a felony charge is knowingly, intelligently, and voluntarily entered, a trial court must follow the dictates of Crim.R. 11(C)(2). This provision provides that the court must address defendants personally and (1) determine that they understand the nature of the charges against them and of the maximum penalty involved, (2) inform them of and determine that they understand the effect of a plea of guilty or no contest and that the court may proceed with judgment and sentence, and (3) inform them of and determine that they understand the constitutional rights that they are

giving up by entering into their plea. Crim.R. 11(C)(2)(a)-(c). The United States Supreme Court specifies a defendant's constitutional rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

{¶10} In the case at hand, appellant contends that, despite the trial court's best efforts to comply with the requirements of Crim.R. 11, the record demonstrates that he did not fully appreciate the nature and consequences of his plea. Relevant to appellant's argument is the following colloquy:

> THE COURT: Mr. Johnson, you intend to plead guilty to three counts between the two cases. One is burglary, a felony of the second degree, as indicted. One is aggravated theft, a felony of the third degree, as indicted. And in case 566901, Count 1, as amended, is now burglary, a felony of the second degree, with the deletion of the firearm specification.
>
> Now burglaries of the second degree are punishable by up to two to eight years in prison and a fine of up to $15,000.
>
> Aggravated theft, a felony of the third degree, is punishable by 9, 12, 18, 24, 30, or 36 months in prison, and a fine of up to $10,000.
>
> * * *
>
> Do you understand that, Mr. Johnson?
>
> APPELLANT: Yes.
>
> * * *
>
> THE COURT: Mr. Johnson, how do you plead under case 566458? How do you plead to the first count? That's the burglary charge, a felony of the second degree, guilty or not guilty?

APPELLANT:   Guilty.

THE COURT:   How do you plead to count number 5, aggravated theft, a felony of the third degree, guilty or not guilty?

APPELLANT:   Guilty.

THE COURT:   And under case 566901, how do you plead to amended Count 1, which includes the removal of the firearm specification, the reduction of the charge from a felony one to a felony two charge of burglary?   How do you plead to that, guilty or not guilty?

APPELLANT:   Not Guilty.

THE COURT:   Mr. Mancino?

APPELLANT:   Oh, guilty.

THE COURT:   Okay.   Are you giving me these three pleas of your own free will?

APPELLANT:   Yes.

{¶11} With respect to the foregoing statements, appellant maintains that his "not guilty" response to the burglary count in CR-566901 "was no mere knee-jerk reaction" and demonstrates that he "did not have an adequate grasp and did not fully understand the full import of what was happening with respect to plea negotiations, the Crim.R. 11 hearing, and sentencing."   We find no merit to appellant's broad contention.

{¶12} Here, the trial court went to great lengths to ensure that appellant understood the constitutional and nonconstitutional rights he was waiving before entering his plea. Moreover, the trial court advised appellant of the nature of the charges he intended to plead to and the maximum penalties the court could impose.   Throughout the proceedings, appellant continuously and affirmatively expressed that he understood the

nature and consequences of his plea and that he was entering the plea of his own free will. Thus, we find appellant's "not guilty" response to be of little consequence. Due to the immediacy of appellant's correcting statement, "oh, guilty," the totality of the circumstances demonstrates that appellant's "not guilty" response was a misstatement and not an indication that his plea was entered unknowingly, unintelligently, or involuntary. Accordingly, appellant's assertions that he "may" have been confused about the finality of his plea are merely speculative, and the trial court properly found his plea to be knowingly and voluntarily entered.

{¶13} Furthermore, there is nothing in the record to support appellant's position that defense counsel was ineffective for allowing him to waive his rights and go forward with his guilty plea. The record reflects that the trial court specifically inquired into whether appellant was satisfied with the work of his attorney and whether defense counsel had answered every question appellant may have had. To each inquiry, appellant affirmatively responded, "yes." As stated, appellant confirmed that he was entering the pleas of his own free will and also indicated that there had been no promises, threats, or other inducements that caused him to enter his plea. Accordingly, there is nothing in the record to support appellant's claim of ineffective assistance of counsel during the Crim.R. 11 hearing.

{¶14} Appellant's first assignment of error is overruled.

### B. Ineffective Assistance of Counsel

**{¶15}** In his second assignment of error, appellant argues that he received ineffective assistance of counsel when defense counsel failed to move to withdraw his guilty pleas prior to sentencing.

**{¶16}** During the February 11, 2013 sentencing hearing, appellant requested a moment to speak before the court, at which time he proclaimed his innocence with respect to the burglary charge in CR-566901. Appellant stated that he had no involvement in the burglary and that he wished to face his accusers and prove his innocence. However, the trial court denied appellant's request and indicated that he had waived that right when he entered a guilty plea.

**{¶17}** In light of his statements to the court, appellant argues that defense counsel was ineffective for failing to move to withdraw his guilty plea prior to sentencing, pursuant to Crim.R. 32.1.

**{¶18}** To demonstrate ineffective assistance of counsel, defendants must satisfy both parts of a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendants must first show that their trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* Second, defendants must establish that counsel's "deficient performance prejudiced the defense." *Id*. The failure to prove either prong of the *Strickland* test is fatal to a claim of ineffective assistance. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland, supra*.

**{¶19}** Based on the record before this court, we are unable to say that a motion to withdraw would have been successful because it was premised on nothing more than a change of heart. Accordingly, we cannot say that the outcome of the proceeding would have been different had defense counsel submitted a motion to withdraw appellant's guilty plea, and thus appellant has failed to demonstrate prejudice. *See State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734 , ¶ 9, citing *State v. Robinson*, 108 Ohio App.3d 428, 433, 670 N.E.2d 1077 (3d Dist.1996) (trial counsel is not deficient in choosing not to file a futile motion).

**{¶20}** Appellant's second assignment of error is overruled.

### C. Consecutive Sentences

**{¶21}** In his third and fourth assignments of error, appellant collectively argues that the trial court's imposition of consecutive sentences was contrary to law.

**{¶22}** We review this claim using the standard set forth in R.C. 2953.08. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 8-10 (8th Dist.). That statute provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) when the sentence is "otherwise contrary to law" or (2) when the appellate court clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *Id.* at ¶ 11; R.C. 2953.08(G)(2).

**{¶23}** Am.Sub.H.B. No. 86, effective September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences. Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must

first find that the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c). Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Id*. at ¶ 17. The failure to make these findings is contrary to law. *Id*. at ¶ 12.

{¶24} Our review of the record shows the trial court did not make the statutory findings for consecutive sentences required by R.C. 2929.14(C). Therefore, the consecutive sentences are contrary to law. At the sentencing hearing, the trial court made the following statements at the time it imposed consecutive sentences in this matter:

> Mr. Andell Johnson, you stand before the court having pled guilty to two felonies of the second degree and a felony of the third degree. With regard to those counts, four years on the felony of the second degree, and that's felony three low if I'm not mistaken, so that would be 36 months concurrent with Count 1. So that's Count 1 and Count 5, four years concurrent with each other.
>
> With regard to 566901, four years. The counts in 566485 are concurrent with each other but consecutive to 566901. * * *
>
> In both cases this court finds that the nature of several burglaries happening in short order does constitute the worst type of the offense and looked like planned conduct that was going to continue for a while.

{¶25} Such colloquy was insufficient to comply with the finding requirements of R.C. 2929.14(C)(4). Accordingly, we reverse the trial court's judgment sentencing

appellant to consecutive terms of imprisonment and remand this matter to the trial court to consider whether consecutive sentences are appropriate and, if so, to enter the proper findings on the record.

{¶26} Appellant's third and fourth assignments of error are sustained.

{¶27} Convictions affirmed; cause reversed in part and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, SR., J., and
TIM McCORMACK, J., CONCUR