[Cite as *State v. Reed*, 2014-Ohio-4385.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101016 and 101017**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KENNETH REED

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-566485-C and CR-12-566901-B

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates
700 West St. Clair Avenue
Suite 218
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brian D. Kraft
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Kenneth Reed ("Reed"), appeals from his consecutive sentences. For the following reasons, we reverse and vacate the trial court's judgment ordering consecutive sentences, and remand for resentencing on this issue.

**{¶2}** On January 10, 2013, Reed pleaded guilty to one count of burglary in CR-12-566901, and one count of burglary and one count of aggravated theft in CR-12-566485. On February 11, 2013, he was sentenced to five years in prison for the first case, which was ordered to run consecutively to the aggregate three-year prison term he was sentenced to in the second case, for a total of eight years in prison. It is from this sentence that Reed now appeals, raising one assignment of error.

**{¶3}** In his sole assignment of error, Reed argues the trial court erred in sentencing him to consecutive sentences without making the required statutory findings. He cites *State v. Johnson*, 8th Dist. Cuyahoga No. 99620, 2013-Ohio-5744 (appeal by Reed's codefendant), and *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.), both of which reversed the trial court's imposition of consecutive sentences based on the court's failure to make the required statutory findings pursuant to R.C. 2929.14(C)(4). In the instant case, the state concedes the error.

**{¶4}** Most recently, in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, the Ohio Supreme Court held that:

> On appeals involving the imposition of consecutive sentences, R.C.
> 2953.08(G)(2)(a) directs the appellate court "to review the record, including
> the findings underlying the sentence" and to modify or vacate the sentence
> "if it clearly and convincingly finds * * * [t]hat the record does not support

the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, * * * . However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

* * *

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing * * * . Accordingly, the imposition of consecutive sentences in this case is contrary to law. Thus, we are constrained to reverse the judgment * * * , vacate the sentence, and remand the matter to the trial court for resentencing.

*Id*. at ¶ 28-29, 37. *See also State v. Brooks*, 8th Dist. Cuyahoga No. 100455, 2014-Ohio-3906, ¶ 11-13.

{¶5} In the instant case, having thoroughly reviewed the record, we cannot discern that the trial court engaged in the correct analysis, nor can we find evidence in the record to support the court's imposition of consecutive sentences. We find the trial court failed

to make the necessary statutory findings at Reed's sentencing hearing. Therefore, the trial court's imposition of consecutive sentences is contrary to law.

{¶6} Reed's sole assignment of error is sustained.

{¶7} Accordingly, we reverse and vacate the trial court's judgment ordering consecutive sentences. We remand the matter to the trial court for a resentencing hearing for the sole purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, for it to enter the required findings on the record. *See State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 3. *See also State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 30; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 9 ("the appellate court is authorized to modify the sentence or remand for resentencing to fix whatever has been successfully challenged."); R.C. 2953.08(G)(2)(a).

{¶8} Furthermore, pursuant to *Bonnell*, if, after making the required statutory findings on the record during Reed's resentencing, the court imposes consecutive sentences, the trial court is required to incorporate its findings into its sentencing entry. It does not, however, have an obligation to state reasons to support its findings in the entry. *See Bonnell* at ¶ 37; R.C. 2929.14(C)(4).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR