THE STATE OF OHIO, APPELLANT, *v.* BROOKE, APPELLEE.

[Cite as *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533.]

(No. 2006–0015—Submitted November 28, 2006—Decided April 18, 2007.)

LANZINGER, J.

{¶ 1} We accepted this discretionary appeal to determine the significance of written waivers of the right to counsel and to clarify when uncounseled misdemeanor convictions may be used to enhance penalties for later offenses under R.C. 4511.19.

Case Procedure

{¶ 2} On January 14, 2002, defendant-appellee, Betsy Brooke, was indicted for two DUI offenses: driving under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1) (now (A)(1)(a)), and driving with a prohibited concentration of alcohol in bodily substances, in violation of R.C. 4511.19(A)(2) (now (A)(1)(b)), offenses that are ordinarily misdemeanors. Both counts were charged as fourth-

degree felonies, however, since the indictment specified that Brooke had three misdemeanor DUI convictions within the previous six years. R.C. 4511.19(G)(1)(d).[1] The indictment stated that the previous convictions were in Chardon Municipal Court on December 17, 1997, in Willoughby Municipal Court on July 1, 1998, and again in Chardon Municipal Court on April 12, 2001.

{¶ 3} Brooke filed a motion to dismiss the indictment or for alternative relief, along with an affidavit stating that for each of her three previous convictions she had been unrepresented by counsel, pleaded guilty, and received jail time. She alleged that because the earlier convictions were uncounseled and led to incarceration, they could not be used to enhance her pending misdemeanors to felonies. Brooke also filed copies of the transcripts of the plea hearings from the two Chardon convictions and an affidavit from a court bailiff in Willoughby Municipal Court, who confirmed that no court record was available for the July 1, 1998 plea hearing in that court. The state responded with copies of three written and filed waivers of counsel signed by Brooke.

{¶ 4} After the trial court denied Brooke's motion, finding that she had "voluntarily rejected her right to counsel in all three convictions," Brooke entered a plea of no contest on count two and was convicted of the fourth-degree felony of driving with prohibited blood-alcohol content. Count one was dismissed. She was sentenced to three years of community control, which included 60 days in the Lake County Jail.

{¶ 5} On appeal, the Court of Appeals for Lake County reversed the trial court's judgment and held that none of Brooke's prior convictions could be used for enhancement purposes because a knowing, intelligent, and voluntary waiver of counsel had not been shown.

{¶ 6} We accepted the state's discretionary appeal. In its proposition, the state seeks a ruling that where a prior conviction is uncounseled, a written waiver of the right to counsel, signed by the defendant and filed with the court, satisfies the state's burden to show a valid prior conviction for penalty-enhancement purposes. Brooke responds that a written waiver alone does not demonstrate that the waiver was knowing, intelligent, and voluntary. We agree that in some cases a written and filed waiver does not suffice. At other times, however, it may.

---

1. R.C. 4511.19(G)(1)(d) provides that "an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree."

Law and Analysis

Proof of Prior Convictions

{¶ 7} The General Assembly has provided that a fourth DUI conviction within a stated period is a felony. R.C. 4511.19(G)(1)(d) states that "an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree." Although both parties referred at oral argument to the statutory 20–year "look-back period" [2] and the need for courts to retain records for this length of time, we note that in this case, the three prior convictions occurred within six years.

{¶ 8} When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime and must be proved by the state. *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 506 N.E.2d 199. Thus, since the three earlier convictions are elements of Brooke's fourth-degree felony, they must be proved beyond a reasonable doubt. *State v. Henderson* (1979), 58 Ohio St.2d 171, 173, 12 O.O.3d 177, 389 N.E.2d 494. R.C. 2945.75(B) states, "Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."

{¶ 9} Brooke does not dispute the existence of the prior convictions. Instead, she asserts that because she has made an unrebutted showing that her three prior convictions were uncounseled and resulted in sentences of confinement, the convictions cannot be used to enhance the penalty for her current conviction. Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm. *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501; *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745. As a result of this exception, and to determine whether her prior convictions are available for penalty enhancement, Brooke's uncounseled convictions must be examined as they relate to her current offense.

---

2. The General Assembly enacted a 20–year look-back period in R.C. 4511.19(G)(1)(d).

Need for Valid Waiver of Right to Counsel

{¶ 10} The state argues that a written waiver should have legal significance so that it may be relied upon by the state in charging a felony DUI. Brooke concedes that she signed and filed a written waiver of her right to counsel in all three previous cases. She argues, however, that a written waiver alone does not show that it was made knowingly, intelligently, and voluntarily. We are asked, therefore, to determine what effect a written waiver of the right to counsel has upon the reliability of prior uncounseled convictions.

{¶ 11} "Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501, syllabus. Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity. Id. at 88, 543 N.E.2d 501. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

{¶ 12} The state urges that a defendant must show both indigency and incarceration before the burden shifts. Although there is no showing that Brooke was indigent during her earlier prosecutions, this fact is irrelevant. The state confuses the right to counsel with an indigent's right to appointed counsel. An uncounseled conviction cannot be used to enhance the penalty for a later conviction if the earlier conviction resulted in a sentence of confinement. *Nichols v. United States*, 511 U.S. at 749, 114 S.Ct. 1921, 128 L.Ed.2d 745. Brooke provided an affidavit that she was unrepresented by counsel and sentenced to confinement, which is sufficient to raise the issue of whether her waiver was valid. The state claims that it has satisfied its burden by demonstrating that Brooke waived her right to counsel in all three prior convictions and that she cannot now raise the lack of counsel as an impediment to enhancing the penalty.

{¶ 13} In each of her earlier cases, Brooke entered a plea of guilty. Several Criminal Rules address the proper procedure for taking pleas, including uncounseled pleas. There is a distinction made between "serious" and "petty" offenses. Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months," while Crim.R. 2(D) defines "petty offense" as "a misdemeanor other than a serious offense."

{¶ 14} With respect to the taking of misdemeanor pleas, Crim.R. 11 provides:

{¶ 15} "(D) In misdemeanor cases *involving serious offenses* the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

{¶ 16} "(E) In misdemeanor cases *involving petty offenses* the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

{¶ 17} "The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule." (Emphasis added.)

{¶ 18} Crim.R. 44 states:

{¶ 19} "(B) Counsel in petty offenses

{¶ 20} "Where a defendant *charged with a petty offense* is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged *with a petty offense* is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶ 21} "(C) Waiver of counsel

{¶ 22} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. *In addition, in serious offense cases the waiver shall be in writing.*" (Emphasis added.)

{¶ 23} Crim.R. 22 provides that "in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded." (Emphasis added.)

{¶ 24} At the very least, then, any waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court.

{¶ 25} Brooke's first two convictions were misdemeanor offenses carrying a maximum penalty of 180 days in jail. R.C. 4511.19(G)(1)(a)(i) (first offense) and 4511.19(G)(1)(b)(i) (second offense). The third was punishable by up to a year of jail time. R.C. 4511.19(G)(1)(c)(i). Thus, only the third DUI conviction, being a serious offense, must be supported by a written waiver. However, all three convictions require proof of a knowing, voluntary, and intelligent waiver of the right to counsel. As we held in *State v. Wellman* (1974), 37 Ohio St.2d 162, 66

O.O.2d 353, 309 N.E.2d 915, at paragraph two of the syllabus, "[p]resuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (*Carnley v. Cochran*, 369 U.S. 506 [82 S.Ct. 884, 8 L.Ed.2d 70], followed.)"

{¶ 26} We therefore look to the record in Brooke's three previous cases.

*Record for December 17, 1997*

{¶ 27} Although the state presented a written waiver of the right to counsel, Brooke offered the transcript of the plea hearing in Chardon Municipal Court on December 17, 1997, that states the following:

{¶ 28} "The Court: You don't want an attorney here today? You don't want to get an attorney?

{¶ 29} "Ms. Brooke: I don't see much point in it.

{¶ 30} "The Court: Okay. Now—

{¶ 31} "Ms. Brooke: I did it. I'm not going to lie about that.

{¶ 32} "The Court: Before I accept your plea of guilty in this kind of a charge, I have to have one of your rights waived in writing, and that's the right to an attorney.

{¶ 33} "So if you would sign that for me, please.

{¶ 34} "Ms. Brooke: What are we the 15th?

{¶ 35} "Mike: No; today's the 17th.

{¶ 36} "The Court: Okay. Did you read and understand that?

{¶ 37} "Ms. Brooke: Yes, sir."

{¶ 38} The waiver, which is dated and signed by Brooke, states, "I, the defendant in the above captioned case, hereby voluntarily waive my right to have an attorney, private or Court appointed, present at the time of my plea to criminal charges and my sentencing on those charges."

{¶ 39} Thus, the trial court asked Brooke whether she wanted an attorney to be present and communicated to her through the waiver form that she had a right to have an attorney during a plea. After Brooke signed, the judge asked whether she had read the form and whether she understood what she was doing. The waiver, by its terms, states that it is voluntary, and Brooke responded to the judge that she had read and understood it. Because this transcript is supplemented by the written waiver expressly stating that Brooke waives the presence of an attorney, we conclude that the record shows an intelligent and voluntary waiver of the right to counsel.

*Record for July 1, 1998*

{¶ 40} There was no available transcript of Brooke's second DUI plea hearing held in the Willoughby Municipal Court. A court bailiff testified by affidavit that no oral record or transcript of the hearing existed because any such record had been disposed of in accordance with the court's "standard record retention policy." The state, however, produced a written "waiver of counsel" signed by Brooke at her plea hearing in the Willoughby conviction that states:

{¶ 41} "Defendant appeared in open court this 1st day of July, 1998 and was advised by this Court

{¶ 42} "(1) of the nature of the charge against him: [sic, throughout]

{¶ 43} "(2) that he has the right to an attorney and the right to a reasonable continuance in the proceedings to secure one, and pursuant to Rule 44, the right to have counsel assigned without cost to himself if he is unable to obtain one.

{¶ 44} "Moreover, Defendant was asked if he understood all of these things, and satisfied this court that he did and that he wishes to waive his right to counsel.

{¶ 45} "THEREFORE, I affix my signature below with that of Defendant to attest that the foregoing procedure was observed and that Defendant hereby waives his right to an attorney."

{¶ 46} The entry was signed by both Brooke and the judge and filed with the court.

{¶ 47} With the exception that it refers to a male defendant, and Brooke is female, we can presume from this written and filed entry, which is part of the record of her case, that the court accurately explained to Brooke that she was waiving her right to counsel on July 1, 1998. The court speaks through its journal entries. *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907. Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made a finding that the right to counsel was knowingly and voluntarily waived. We therefore determine that this uncounseled plea may be counted toward enhancing a later penalty.

*Record for April 12, 2001*

{¶ 48} In Chardon Municipal Court during her third DUI plea hearing of April 12, 2001, Brooke's entire relevant dialogue with the court consisted of the following:

{¶ 49} "The Court: * * * Okay, Betsy, you don't wish to have an attorney?

{¶ 50} "Ms. Brooke: No, sir.

{¶ 51} "The Court: Okay."

{¶ 52} Brooke then signed a waiver identical in wording to the waiver she had signed in Chardon Municipal Court on December 17, 1997. The judge asked her no other questions about her waiver of the right to counsel and made no additional statements on the waiver before accepting her plea.

{¶ 53} It is important to recognize that this last offense was a serious, rather than a petty offense, for the maximum penalty was one year in jail. Therefore, a simple statement on the record that the defendant waives counsel is insufficient. Although the same waiver form was used as was used in her first Chardon Municipal Court case, the first case was a petty offense, and the trial court questioned her, albeit minimally. For a serious offense, the waiver must be in open court, recorded, and in writing. Crim.R. 11(C). In all cases where the right to counsel is waived, the court "must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph two of the syllabus. Here, there was only one leading question: "Okay, Betsy, you don't wish to have an attorney?" Arguably, this question relates to voluntariness of her choice to proceed without an attorney. But there is no question asking whether she understands she has a right to counsel to begin with. This uncounseled conviction may not be used for enhancement of a later offense, since the record fails to demonstrate compliance with the requirements of Crim.R. 44 and 11.

## Conclusion

{¶ 54} When a defendant challenges the proceeding used to take an uncounseled plea, the state must establish that a proper waiver of the right to counsel occurred. In a misdemeanor case, every waiver of the right to counsel must be made on the record in open court. For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant. In a serious-offense case, in addition, the waiver must be in writing. Unless the defendant properly waived the right to counsel before entering a plea, the conviction may not be used to enhance a later offense.

{¶ 55} We reverse the judgment of the Court of Appeals for Lake County in part, because the state showed that Brooke made a knowing, intelligent, and voluntary waiver of counsel in two of her three earlier misdemeanor cases. Nevertheless, with only two prior DUI convictions counted within six years, her current DUI offenses may not be raised to fourth-degree felonies, and we therefore affirm the judgment of the Court of Appeals for Lake County in part and remand the cause to the trial court for further proceedings.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

SLABY and O'DONNELL, JJ., concur in judgment only.

LYNN C. SLABY, J., of the Ninth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

Charles E. Coulson, Lake County Prosecuting Attorney, and Karen A. Sheppert, Assistant Prosecuting Attorney, for appellant.

John J. Hurley Jr., for appellee.