OPINION *Page 2 
{¶ 1} On April 28, 2006, the Licking County Grand Jury indicted appellee, Richard Campbell, with one count of operating a motor vehicle while intoxicated (hereinafter "OMVI") in violation of R.C. 4511.19. The count was charged as a felony in the fourth degree due to appellee having three previous OMVI convictions, one from Perry County and two from Licking County.
 {¶ 2} On August 10, 2006, appellee filed a motion to strike his prior uncounseled convictions for OMVI. A hearing was held on September 11, 2006. By judgment entry filed September 20, 2006, the trial court granted the motion.
 {¶ 3} On September 22, 2006, appellant filed a motion for reconsideration. By judgment entry filed January 16, 2007, the trial court granted the motion in part, permitting the Perry County case to be used for enhancement purposes.
 {¶ 4} Appellant, the state of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO STRIKE. THE APPELLEE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED HIS RIGHT TO COUNSEL FOR HIS THREE PRIOR DUI CONVICTIONS AND PLED. AS SUCH, SAID CONVICTIONS SHOULD BE LEGALLY AVAILABLE TO ENHANCE THE PENDING DUI CHARGE."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion to strike his two prior OMVI convictions. We disagree. *Page 3 
 {¶ 7} R.C. 4511.19 governs driving while under the influence of alcohol or drugs. Subsection (G)(1)(d) states the following:
 {¶ 8} "* * * an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree."
 {¶ 9} In State v. Williams, Licking App. No. 02CA00017, 2002-Ohio-4244, we held that a misdemeanor offense, regardless of the actual sentence served, must be a counseled plea or a validly waived counsel plea in order to be used to enhance a subsequent offense.
 {¶ 10} We find the recently decided case of State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533, syllabus, to be controlling:
 {¶ 11} "1. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.
 {¶ 12} "2. Waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court. (Crim.R. 44(C), applied.)"
 {¶ 13} The gravamen of the issue in this case is whether appellee's two prior OMVI convictions can be used to enhance the charge sub judice. *Page 4 
 {¶ 14} Appellant acknowledges appellee was not represented by counsel in all three cases, but argues appellee voluntarily and knowingly waived his right to counsel. In support, appellant points to the waiver of rights form in the Perry County case, as well as the Crim.R. 11 colloquy, the change of plea form in the Licking County case (01TRC13917), and the judgment entry of conviction in the remaining Licking County case (01TRC14359). Appellant was unable to provide the trial court with any documentation of the Crim.R. 11 colloquies from the Licking County cases. T. at 13-14.
 {¶ 15} We will use the Brooke decision as a template for reviewing the three prior OMVI convictions.
 {¶ 16} In the May 1, 2001 Perry County conviction, wherein appellee was sentenced to thirty days in jail, there is a written waiver of counsel and a transcript of the Crim.R 11 colloquy that are sufficient to establish a valid uncounseled plea for enhancement purposes.
 {¶ 17} In the January 8, 2002 Licking County conviction (01TRC13917) wherein appellee was sentenced to ninety days in jail, there is a written change of plea form with a written waiver of counsel signed by appellee, but not signed by the judge. Also, the document does not contain a file stamp. There is no available transcript of the Crim.R. 11 colloquy. We find there is insufficient evidence to establish a valid uncounseled plea for enhancement purposes.
 {¶ 18} In the January 8, 2002 Licking County conviction (01TRC14359), wherein appellee was sentenced to one hundred eighty days in jail, there is no written plea or written waiver of counsel, and no available transcript. Given the absence of a written *Page 5 
waiver and a Crim.R. 11 colloquy, we find the conviction is unavailable for enhancement purposes.
 {¶ 19} Upon review, we find the trial court did not err in granting appellee's motion to strike in part.
 {¶ 20} The sole assignment of error is denied. *Page 6 
 {¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 By Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1