[Cite as *In re Johnathan L.*, 2012-Ohio-888.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| JOHNATHAN L. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon.  John W. Wise, J. |
| | : | |
| | : | Case No. 11-CA-17 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Juvenile Division, Case No.
2111306

JUDGMENT:     Judgment Vacated and Remanded

DATE OF JUDGMENT:     March 5, 2012

APPEARANCES:

For Appellant                                                    For Appellee

AMANDA J. POWELL                                   CHARLES T. MCCONVILLE
250 East Broad Street                                 117 East High Street
Suite 1400                                                     Suite  234
Columbus, OH  43215                                 Mount Vernon, OH  43050

*Farmer, J.*

{¶1} On August 24, 2011, appellant, Johnathan L., a juvenile, was charged with trafficking in drugs in violation of R.C. 2925.03(A)(1). An adjudicatory and dispositional hearing was held on August 30, 2011. Appellant was not represented by counsel, and admitted the charge. By journal entry filed August 31, 2011, the trial court found appellant to be delinquent and placed him in the custody of the Ohio Department of Youth Services for a minimum term of six months with a possible maximum term until his 21st birthday.

{¶2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶3} "THE TRIAL COURT VIOLATED JOHNATHAN L.'S RIGHT TO COUNSEL AND RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, OHIO REVISED CODE SECTION 2151.352 AND JUVENILE RULES 3, 4 AND 29."

I

{¶4} Appellant claims the trial court failed to obtain a valid waiver of counsel or to appoint counsel prior to accepting his admission, and the colloquy between the trial court and appellant on the issue was inadequate. We agree.

{¶5} A juvenile's right to counsel is codified in R.C. 2151.352 and Juv.R. 4 which state the following, respectively:

{¶6} "[R.C. 2151.352] A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code.***If a party appears without counsel, the court shall ascertain whether the party knows of the party's right to counsel and of the party's right to be provided with counsel if the party is an indigent person. The court may continue the case to enable a party to obtain counsel, to be represented by the county public defender or the joint county public defender, or to be appointed counsel upon request pursuant to Chapter 120. of the Revised Code. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them.

{¶7} "[Juv.R. 4] Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."

{¶8} Although the trial court did conduct a discussion on appellant's rights, including the right to an attorney (T. at 4), the discussion on waiving his right to an attorney was very brief:

{¶9} "THE COURT: Okay. All right. My next obligation is to go over your plea options of the three ways that you can answer these charges.

{¶10}  "And the first option you have is to ask for a delay or a continuance so that you can have the opportunity to speak to an attorney.  So option one would be to ask for a continuance to see to an attorney.

{¶11}  "The second option you have, with or without an attorney, is to ask for a formal hearing, which you are entitled to and the way you ask for a formal hearing is to plead not guilty.  That's option Number two.

{¶12}  "And the third and final option, of course, is to plead guilty.

{¶13}  "So Mr. [L.], I certainly think you ought to discuss this with your mother at least one more time, but I want to start with the most serious charge and find out how you want to plead to this charge of aggravated trafficking in drugs.

{¶14}  "JOHNATHAN [L.]: Guilty.

{¶15}  "THE COURT: All right.  You want to plead guilty to that charge.

{¶16}  "JOHNATHAN [L.]: Yes, sir.

{¶17}  "***

{¶18}  "THE COURT: Are you doing that freely and voluntarily?  Nobody has offered you any bribes or made any threats to get you to plead guilty?

{¶19}  "JOHNATHAN [L.]: No, sir."  T. at 6-8.

{¶20}  Most notably, the record is silent as to a written waiver of attorney.  In *In re C.S.,* 115 Ohio St.3d 267, 2007-Ohio-4919, ¶109, the Supreme Court of Ohio held the following:

{¶21}  "In cases such as this one, in which a juvenile is charged with a serious offense, the waiver of the right to counsel must be made in open court, recorded, and in writing.  Cf. *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024,

paragraph two of the syllabus. If a written waiver has been executed, the juvenile court judge must consider the form used and the juvenile's literacy level to ensure that the juvenile has an intelligent understanding of the document and an appreciation of the gravity of signing it. See, e.g., *In re Shane* (Jan. 26, 2001), Darke App. No. 1523, 2001 WL 62550, *3."

{¶22} The trial court acknowledged the charge "is a very serious charge." T. at 6. The state concedes the issue of not obtaining a written waiver of counsel. Appellee's Brief at 2.

{¶23} Upon review, we agree with appellant's arguments herein and vacate the admission and disposition and remand the matter for further proceedings according to law.

{¶24} The sole assignment of error is granted.

{¶25} The judgment of the Court of Common Pleas of Knox County, Ohio, Juvenile Division is hereby vacated.

By Farmer, J.

Gwin, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____ _____

s/ John W. Wise___ _____

SGF/sg 229                                                      JUDGES

[Cite as *In re Johnathan L.*, 2012-Ohio-888.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                      :

                                        :

JOHNATHAN L.                       :          JUDGMENT ENTRY

                                        :

                                        :

                                        :

                                        :          CASE NO. 11-CA-17


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, Juvenile Division is vacated and the matter is remanded to said court for further proceedings consistent with this opinion.  Costs to appellant.


                                         _s/ Sheila G. Farmer_____


                                         _s/ W. Scott Gwin_____


                                         s/ John W. Wise_____

                                                JUDGES