[Cite as *State v. Oliver*, 2014-Ohio-3982.]


IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
WYANDOT COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  16-14-02

    v.

ORAL RICHARD OLIVER,           O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Wyandot County Common Pleas Court
Trial Court No. 014-CR-0037

Judgment Affirmed

Date of Decision:   September 15, 2014


APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Jonathan K. Miller*  for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Oral Richard Oliver appeals the March 13, 2014 judgment of the Wyandot County Common Pleas Court sentencing Oliver to 30 years to life in prison after Oliver pled guilty to three counts of Rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree.

{¶2} The facts relevant to this appeal are as follows. On February 26, 2014, Oliver was charged with three counts of Rape in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree.[1] (Doc. 1). It was alleged that Oliver, who was born in 1956, engaged in sexual intercourse with A.J.M. who was less than 13 years old at the time, and that he ultimately impregnated her.

{¶3} On February 27, 2014, Oliver entered a written negotiated guilty plea wherein he agreed to plead guilty to the charges. (Doc. 7). The parties further agreed to recommend a sentence of an indefinite prison term of (10) years and a maximum of life imprisonment on each count, which the court could order to be served consecutively. (Doc. 7). The parties reserved the right to argue on the matter of consecutive sentences. (*Id.*)

{¶4} The court held a Criminal Rule 11 plea hearing and ultimately accepted Oliver's pleas as knowingly, intelligently, and voluntarily given. As for the factual basis of the pleas, Oliver admitted that he had a "sexual relationship"

---

[1] Oliver was charged by Bill of Information and waived the filing of an indictment.

with the ten year old victim. (Tr. at 18). He stated that they had intercourse and it happened "five, six times. I'm not really sure how many." (*Id*.) At the conclusion of the plea hearing the court ordered a pre-sentencing investigation and set sentencing for a later date.

{¶5} On March 12, 2014, a sentencing hearing was held. At the hearing, Oliver's counsel made a statement in mitigation, arguing that Oliver had no prior criminal history other than minor traffic tickets. (Tr. at 7). He stated Oliver was cooperative and wanted to take responsibility. Oliver did not make a statement. (Tr. at 10).

{¶6} The guardian for the victim then made a statement and the prosecutor argued in favor of consecutive sentences. Ultimately the court ordered Oliver to serve ten years to life in prison on each count, consecutively, for an aggregate prison term of thirty years to life in prison. A judgment entry reflecting this sentence was filed March 12, 2014.

{¶7} It is from this judgment that Oliver appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT IMPROPERLY SENTENCED THE APPELLANT, IN THAT IT FAILED TO MAKE THE NECESSARY FINDINGS REQUIRED UNDER ORC §2929.14(C) FOR THE IMPOSITION OF CONSECUTIVE SENTENCES.**

-3-

**{¶8}** In Oliver's assignment of error he argues that the trial court failed to make the necessary findings pursuant to R.C. 2929.14(C)(4) to impose consecutive sentences. Specifically, Oliver contends that the trial court failed to make a finding as to whether any of the subsections of R.C. 2929.14(C)(4), (a), (b) or (c), applied in this case.

**{¶9}** "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law." *State v. Upkins,* 3d Dist. Shelby No. 17–13–02, 2013–Ohio–3986, ¶ 8, citing *State v. Ramos,* 3d Dist. Defiance No. 4–06–24, 2007–Ohio–767, ¶ 23; *State v. Bonnell*, Ohio Sup. Ct. No. 2013-0167, 2014-Ohio-3177. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is " 'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.' " *State v. Watkins,* 3d Dist. Auglaize No. 2–04–08, 2004–Ohio–4809, ¶ 16, quoting *State v. Jones,* 93 Ohio St.3d 391, 400 (2001).

{¶10} Revised Code 2929.14(C)(4) requires a trial court to make additional specific findings before imposing consecutive sentences on an offender. With respect to the issues raised in this case R.C. 2929.14(C)(4) states,

> **(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

Thus, based on the statute, the trial court is required to make three findings before imposing consecutive sentences: 1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; 2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and

to the danger the offender poses to the public; and 3) that one of the subsections (a), (b), or (c) apply. *State v. Stober*, 3d Dist. Putnam No. 12-13-09, 2014-Ohio-1568, ¶ 153 citing *State v. Farnsworth*, 10th Dist. Franklin No. 12CO10, 2013-Ohio-1275, ¶ 8.

{¶11} The Ohio Supreme Court recently addressed the requirements of R.C. 2929.14(C)(4) in *State v. Bonnell*, Ohio Sup. Ct. No. 2013-0167, 2014-Ohio-3177. In *Bonnell*, the Ohio Supreme Court held,

> **When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. *See* Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke,* 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.**

*Bonnell*, ¶ 29.

{¶12} In the case before us, at the sentencing hearing, the trial court made the following findings with regard to consecutive sentences.

> **The Court further orders that these sentences be served consecutively to one another; it being necessary to fulfill the purposes and principles of sentencing; as consecutive terms are necessary to protect the public from future crime; consecutive terms are necessary to punish the offender, consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

**These were crimes of opportunity with a very vulnerable victim. The harm caused was so great or unusual that no single prison term can adequately reflect the seriousness of the offender's conduct based on the fact there's [sic] already discussed in this matter, and particularly the age of the victim, the harm caused, the fact that the unlawful activity was repeated, the age of the offender and the fact that he did nothing to prevent it from occurring and re-occurring.**

(Tr. at 16-17). In the court's sentencing entry, the court made the following findings with regard to consecutive sentences.

**Said sentences shall be served consecutively, as it is necessary to fulfill the purposes of and principles of sentencing. Consecutive terms are necessary to protect the public from future crime. Consecutive terms are necessary to punish the offender. Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

**The Court finds Defendant's offenses were crimes of opportunity with a very vulnerable victim. The harm caused was so great or unusual that no single prison term can adequately reflect the seriousness of the offender's conduct based on the factors already discussed in this matter; particularly the age of the victim and the harm caused; the fact that the unlawful activity was repeated; the age of the offender; and the fact that the Defendant did nothing to prevent it from occurring and reoccurring.**

(Doc. 16).

{¶13} At the sentencing hearing and in the judgment entry the trial court thus clearly made the first two necessary findings to impose consecutive sentences using the exact language of the statute. The court also clearly used *some* of the

language required under R.C. 2929.14(C)(4)(b) to impose consecutive sentences. It did not, however, use the specific language "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed[.]" R.C. 2929.14(C)(4)(b). Nevertheless, the court did specifically state "*these* were crimes of opportunity" indicating an affirmative finding of multiple offenses. (Emphasis added). And the court did state both at the sentencing hearing and in its judgment entry that "the unlawful activity was repeated," and that the defendant "did nothing to prevent it from occurring and *reoccurring*[.]" (Emphasis added). Moreover, the court also made the findings at both the sentencing hearing and in its sentencing entry that Oliver "repeatedly" raped a 10 year old child and that he ultimately impregnated her resulting in a cesarean section to deliver the child, further indicating a finding of multiple offenses and great or unusual harm caused by those multiple offenses. Therefore the court made references to the criminal activity repeating multiple times, establishing a finding of multiple offenses and multiple courses of conduct.

{¶14} Under the Ohio Supreme Court's holding in *Bonnell*, *supra*, we find that based on the facts and circumstances of this case we "can discern that the trial court engaged in the correct analysis and can determine that the record contains

evidence to support the [trial court's] findings." *Bonnell* at ¶ 29. Accordingly, Oliver's assignment of error is overruled.

{¶15} For the foregoing reasons Oliver's assignment of error is overruled and the judgment of the Wyandot County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**