[Cite as *State v. Lashley*, 2017-Ohio-8915.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                              )
                                           )
    PLAINTIFF-APPELLEE                    )
                                           )          CASE NO. 16 MA 0094
VS.                                        )
                                           )               OPINION
ELIJAH J. LASHLEY, SR.                     )                 AND
                                           )          JUDGMENT ENTRY
    DEFENDANT-APPELLANT                   )

CHARACTER OF PROCEEDINGS:        Application for Reconsideration
                                 Application to Reopen

JUDGMENT:                        Denied.

APPEARANCES:
For Plaintiff-Appellee           Attorney Paul Gains
                                 Mahoning County Prosecutor
                                 Attorney Ralph Rivera
                                 Assistant Prosecutor
                                 21 West Boardman Street, 6th Floor
                                 Youngstown, Ohio 44503-1426

For Defendant-Appellant          Elijah J. Lashley, Sr., pro-se
                                 #683-025
                                 P.O. Box 8000
                                 Conneaut, Ohio 44030

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: November 7, 2017

PER CURIAM.

**{¶1}** On July 20, 2017, Appellant Elijah J. Lashley, Sr. filed a pro-se application for reconsideration, or alternatively application to reopen, our May 26, 2017 judgment in his direct appeal, *State v. Lashley*, 7th Dist. No. 16 MA 0094, 2017-Ohio-4026. For the reasons below, his requests are denied.

**{¶2}** Lashley was convicted of two counts of kidnapping and two counts of felonious assault, following a guilty plea, and was sentenced to an aggregate term of 13 years in prison. *Id.* at ¶ 1, 3-4, 9. On appeal, appointed counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.2d 493 (1967), and requested to withdraw. After independently reviewing the record, this court found an error regarding consecutive sentences. *Lashley* at ¶ 2. Specifically, we held that although the trial court made sufficient findings during the hearing, it failed to make specific findings in the judgment entry, instead cutting and pasting the entirety of R.C. 2929.14(C)(4) into the entry. *Id.* Accordingly, we reversed the judgment of the trial court and remanded the matter for the trial court to issue a nunc pro tunc sentencing entry that includes the applicable specific consecutive sentence findings. *Id.*

**{¶3}** On July 20, 2017, Lashley filed a pro-se application for reconsideration, or alternatively, application to reopen. The State filed a response five days later.

**{¶4}** With regard to Lashley's request for reconsideration, the test generally applied is "whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been" *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶5}** App.R. 26(A) provides that an application for reconsideration "shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)." App.R. 26(A)(1)(a).

**{¶6}** Our decision in Lashley's direct appeal was time-stamped on May 26, 2017. The Mahoning County Clerk of Courts entered the opinion and judgment on the docket that same day, and the docket notation shows it was mailed to the parties

on May 30, 2017. Accordingly, Lashley's July 20, 2017 application is untimely since it was filed well beyond the 10 day time limit.

{¶7} We could construe the language in Lashley's application as a request for leave to file a delayed application for reconsideration; his caption includes the phrase "leave to file instanter requested." *See State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-2095, ¶ 5 (construing motion as a request for leave to file a delayed application for reconsideration where title of the application was "Leave for Motion for Reconsideration," and language in the argument section of application indicated the appellant was seeking "leave for reconsideration.")

{¶8} App.R. 14(B) provides, "For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time." The rule goes on to state: "Enlargement of time to file an application for reconsideration * * * pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances." App.R. 14(B). *See also Wellington* at ¶ 6.

{¶9} Lashley claims that he was never sent a copy of our judgment entry and opinion in his direct appeal. However, the docket contradicts that; Lashley was sent a copy in care of his attorney on May 30, 2017. Accordingly, Lashley has failed to establish that extraordinary circumstances prevented him from filing a timely request for reconsideration, and his request is denied.

{¶10} With regard to the reopening request, App.R. 26(B)(1) provides that a criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

{¶11} Pursuant to App.R. 26(B)(2), an application for reopening shall contain, inter alia:

(c) One or more assignments of error or arguments in support of

assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

App.R. 26(B)(2)(c)-(e).

**{¶12}** An applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). If the application is granted, the appellate court must appoint counsel to represent the applicant if the applicant is indigent and unrepresented. App.R. 26(B)(6)(a).

**{¶13}** In order to show ineffective assistance of appellate counsel, the applicant must meet the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Pursuant to *Strickland*, the applicant must demonstrate deficient performance of counsel and resulting prejudice. *Id.* at 687. *See also* App.R. 26(B)(9).

**{¶14}** Unlike his request for reconsideration, the application for reopening was timely filed under the rule. However, Lashley fails to include a sworn statement of the basis for the claim that appellate counsel's representation was deficient and the manner in which the deficiency prejudicially affected the outcome of the appeal, nor does he include any portions of the record upon which he relies.

**{¶15}** Even if we were to look past these deficiencies, we still deny Lashley's

request to reopen his appeal. Lashley appears to assert that appellate counsel was ineffective for failing to challenge the fact that the sentencing proceedings took place over two different dates. He argues this raises double jeopardy and due process concerns.

**{¶16}** As discussed in his direct appeal, when the matter was initially convened for a sentencing hearing, the trial court imposed consecutive sentences, but failed to make any findings to support them. *Lashley* at ¶ 9. However, *before the sentencing entry was issued*, the trial court reconvened the parties for a hearing to address the issue of consecutive sentences. *Id.* at ¶ 10. During the hearing, the trial court made the requisite consecutive sentence findings, and only then, did it issue a sentencing entry. *Id.* at ¶ 11-12.

**{¶17}** Lashley's proposed assignment of error fails to demonstrate a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. A trial court speaks through its journal entries. *State v. Brooke*, 113 Ohio St.3d 199, 2007–Ohio–1533, 863 N.E.2d 1024, ¶ 47. When the trial court here reconvened the parties for a hearing, it had not yet issued a judgment entry of sentence and therefore had continuing jurisdiction over the matter. Accordingly, appointed appellate counsel was not deficient for failing to raise this issue on appeal. For these reasons, Lashley's application to reopen, along with his application for reconsideration, are denied.


DeGenaro, J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.