[Cite as *State v. Chevalier*, 2018-Ohio-4456.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                  Court of Appeals No. L-17-1113

      Appellee                                              Trial Court No. CR0201602691

v.

Timothy Chevalier                                    **DECISION AND JUDGMENT**

      Appellant                                              Decided: November 2, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Mark T. Herr, Assistant Prosecuting Attorney, for appellee.

Spiros P. Cocoves, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Defendant-appellant, Timothy Chevalier, appeals the April 10, 2017

judgment of the Lucas County Court of Common Pleas, convicting him of rape and

sentencing him to a prison term of nine years, to be served consecutively to a term of

imprisonment imposed in Lucas County case No. CR0201501350. For the reasons that

follow, we reverse the trial court judgment and remand for resentencing.

## I. Background

{¶ 2} On March 22, 2017, Timothy Chevalier entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 28, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of rape, a violation of R.C. 2907.02(A)(2) and (B). On April 5, 2017, the trial court sentenced Chevalier to nine years' imprisonment, to be served consecutively to a three-year term of imprisonment imposed in Lucas County case No. CR0201501350.

{¶ 3} Chevalier appealed and assigns the following error for our review:

> The trial court erred in imposing appellant's prison sentence consecutive to a prison sentence previously imposed in an unrelated case, without making the findings required by Ohio Revised Code § 2929.14(C)(4).

## II. Law and Analysis

{¶ 4} In his sole assignment of error, Chevalier argues that his sentence is contrary to law because the trial court failed to make all the findings required by R.C. 2929.14(C)(4) before imposing consecutive prison terms. Specifically, he points out that the trial court made "no reference to the danger of future crime by the offender, no reference to whether consecutive sentences would be 'disproportionate to the seriousness of the offender's conduct,' no reference to 'the danger the offender poses to the public,' and * * * no reference to subsections (a), (b), or (c)." He also complains that the trial court's judgment entry included no findings in support of consecutive sentences. He maintains that the case must be remanded to the trial court for resentencing.

2.

**{¶ 5}** The state concedes error here. Although it contends that the trial court mentioned some of the necessary findings and factors, it recognizes that it did not do so "to the requisite degree." It also agrees with Chevalier that the trial court failed to incorporate any R.C. 2929.14(C)(4) findings into its judgment entry. Accordingly, the state agrees that the case must be remanded to the trial court for resentencing.

**{¶ 6}** We review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶ 7}** R.C. 2929.14(C)(4) provides:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the

3.

seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. "And because a court speaks through its journal, * * * the court should also incorporate its statutory findings into the sentencing entry." *Id.*, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47.

{¶ 9} Here, at sentencing the trial court explained the following reasons for imposing consecutive sentences:

4.

It is hereby ordered Defendant will serve a term of 9 years at the State penitentiary, which will be ordered served consecutive to the sentence being served in CR15-1350. So that was a 3 year sentence. So the maximum sentence that can be served between the two combined is 12 years * * *.

The Court finds consecutive sentences are necessary as there are two separate victims in this case. The other case is a conviction for a GSI, and the Court finds it appropriate to make these sentences consecutive. Also find that the harm caused was so great or unusual that the single prison term for either one of these separate offenses is so great that concurrent sentences would be offensive to the sentencing and the criminal history requires consecutive sentences.

We agree with the parties that this explanation falls short of what was required by R.C. 2929.14(C)(4).

{¶ 10} In addition to this, the trial court's judgment entry provides no explanation for imposing consecutive sentences. It states only that "It is ORDERED that defendant serve a term of 9 years in prison as to Count Two to be served consecutively to the sentence in CR2015-1350 of 3 years for a total sentence of 12 years in prison."

{¶ 11} Accordingly, because the trial court failed to make all the findings required by R.C. 2929.14(C)(4) and failed to incorporate any of its findings into the April 10, 2017 sentencing entry, we find that Chevalier's sentence was contrary to law. We,

5.

therefore, reverse the trial court judgment and remand this case to the trial court for the limited purpose of resentencing.

{¶ 12} Chevalier's single assignment of error is well-taken.

### III. Conclusion

{¶ 13} The trial court failed to make all the findings required by R.C. 2929.14(C)(4), and it failed to incorporate any of its findings into its sentencing entry. We, therefore, find Chevalier's assignment of error well-taken. We reverse the April 10, 2017 judgment of the Lucas County Court of Common Pleas, and we remand this matter to the trial court for resentencing. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                          JUDGE
James D. Jensen, J.

Christine E. Mayle, P.J.          _____
CONCUR.                                                JUDGE

                                  _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.