[Cite as *State v. Hall*, 2023-Ohio-3235.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     30578 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SYREETA R. HALL | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR-2021-10-3827 |

## DECISION AND JOURNAL ENTRY

Dated: September 13, 2023

SUTTON, Presiding Judge.

{¶1}    Defendant-Appellant, Syreeta Hall appeals from the Summit County Court of Common Pleas' denial of her motion for partial dismissal on the basis of double jeopardy.  For the reasons that follow, this Court affirms.

I.

**Relevant Background and Facts**

{¶2}    Ms. Hall was indicted for operating a motor vehicle under the influence of alcohol, a drug of abuse, or a combination of the two, in violation of R.C. 4511.19(A)(1)(a), R.C. 4511.19(G)(1)(d), a felony of the fourth degree, and operating a motor vehicle while under the influence of a listed controlled substance or listed metabolite of a controlled substance in violation of R.C. 4511.19(A)(1)(j)(vii), R.C. 4511.19(G)(1)(d), a felony of the fourth degree.  Both counts of the indictment stated Ms. Hall, within ten years of the current offenses, was previously convicted or pled guilty to three or more offenses, including (1) a violation of R.C. 4511.19 in Case No. CR

19-637288-A, in Cuyahoga County; (2) a violation of R.C. 4511.19 in Case No. 13 TRC 03464, in Rocky River Municipal Court; and (3) a violation of C.C.C. 433.01 in Case No. 2012 TRC 072071, in Cleveland Municipal Court.

{¶3} Ms. Hall first moved to reduce her current OVI to a third offense, instead of a fourth offense, alleging Case No. CR 19-637288-A was dismissed in its entirety upon her completion of treatment in lieu of conviction. Ms. Hall did not attach a copy of the dismissal to her motion. The State, in response, indicated only Count 1 of Case No. CR 19-637288-A, the drug possession charge, was dismissed after Ms. Hall completed treatment in lieu of conviction. Further, the State submitted a journal entry dated July 25, 2019, in Case No. CR 19-637288-A, indicating Ms. Hall was placed into treatment in lieu of conviction only for the drug possession charge, and pleaded guilty to the OVI charge in Count 2, whereupon she was sentenced to jail time, probation, and her driver's license was suspended. Prior to the filing of the State's response, however, the trial court denied Ms. Hall's motion.

{¶4} Ms. Hall then moved for reconsideration and attached a copy of the May 21, 2020 dismissal in Case No. CR 19-637288-A, which stated: "[Case is dismissed. Defendant successfully completed early intervention program or intervention in lieu of conviction.]." The trial court denied Ms. Hall's motion for reconsideration indicating Ms. Hall's argument went to the State's ability to prove its case and not to the sufficiency of the indictment, which was not proper in a motion to dismiss. Ms. Hall filed an untimely appeal from the trial court's order denying her motion for reconsideration, which this Court dismissed.

{¶5} Subsequent to this Court's dismissal of Ms. Hall's first appeal, Ms. Hall filed a motion for partial dismissal, arguing, in part, double jeopardy. Notably, Ms. Hall's motion largely argued the alleged insufficiency of the indictment, based only upon the inclusion of Case No. CR

19-637288-A and the prior conviction. Ms. Hall did not challenge her current charges as stated in the indictment. The trial court denied Ms. Hall's motion.

{¶6} Ms. Hall then pleaded no contest to the indictment and has not yet been sentenced. A transcript of the plea hearing was not made part of the record.

{¶7} Ms. Hall now appeals raising one assignment of error for our review.[1]

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT'S REFUSAL TO DISMISS THE ENHANCED CHARGES AGAINST [MS. HALL] VIOLATED [MS. HALL'S] PROTECTION AGAINST DOUBLE JEOPARDY (UNITED STATES CONSTITUTION, AMENDMENT V), AND WAS AN ABUSE OF JUDICIAL DISCRETION.**

{¶8} In her sole assignment of error, Ms. Hall argues the trial court erred in refusing to dismiss the enhanced charges against her because they violated her protections against double jeopardy. Specifically, Ms. Hall argues she is "being tried twice for the same crime[,]" because the State is using an OVI case that was allegedly dismissed in Cuyahoga County to support the enhanced charges in Summit County. Ms. Hall, in making this argument, admitted the enhancement, in question, is an "element of the offense" she is charged with in Summit County.

{¶9} Pursuant to R.C. 4511.19(G)(1)(d):

[A]n offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) of this section or other equivalent offenses * * * *is guilty of a felony of the fourth degree.*

(Emphasis added.) "When existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree, the prior conviction is an essential element of

---

[1] "[A]n order denying a motion to dismiss on double-jeopardy grounds is a final, appealable order." *State v. Anderson*, 138 Ohio St. 3d 264, 2014-Ohio-542, ¶ 61.

the crime and must be proved by the [S]tate." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 8, citing *State v. Allen*, 29 Ohio St.3d 53, 54 (1987). Additionally, R.C. 2945.75(B) states:

> Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.

{¶10} In *State v. Echard*, 9th Dist. Summit No. 24643, 2009-Ohio-6616, this Court faced a similar factual situation regarding a pre-trial motion *in limine* and an enhancement of the indicted felony:

> The Grand Jury indicted Mr. Echard for a felony of the third degree instead of a misdemeanor because he, allegedly, had "previously pleaded guilty to or been convicted" of two or more offenses of domestic violence. * * * By pleading no contest and foregoing a trial, Mr. Echard lost his opportunity to raise at trial whether the State could use his guilty plea in a prior case to prove an essential element of the latest domestic violence charge. He, therefore, did not preserve that issue for appeal.
>
> Mr. Echard also did not preserve his argument under Rule 12(I) of the Ohio Rules of Criminal Procedure. Rule 12(I) provides that "[a] plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." Within the criminal context, pretrial motions implicate only "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim. R. 12(C). In order to fall under Rule 12(I), therefore, Mr. Echard's motion would have to be "capable of determination without the trial of the general issue." In a criminal case, "determination of the general issue * * * is always the defendant's guilt or innocence of the offense or offenses alleged." *State v. Evans*, 2d Dist. No. 21669, 2007-Ohio-6587, at ¶ 12.
>
> By arguing that the State could not use the guilty plea he entered in a prior domestic violence case to establish the degree of the offense in this case, Mr. Echard challenged the sufficiency of the evidence as to one of the essential elements of the charged offense. *See [Brooke* at ¶ 8]. His motion placed the question of whether he could be convicted of a felony of the third degree squarely at issue. Accordingly, because it went to his "guilt or innocence of the * * * offense alleged," it was not "capable of determination without the trial of the general issue" and was not a pretrial motion under Rule 12(C). [*Evans*] at ¶ 12; Crim. R. 12(C). Mr. Echard's argument, therefore, was not preserved for appeal under Rule 12(I).

*Echard* at ¶ 5-7.

{¶11} Here, Ms. Hall questions whether she can be convicted of a felony of the fourth degree for her OVI offense, an enhanced penalty, because Case No. CR 19-637288-A was previously dismissed in its entirety. While Ms. Hall did not fully develop this argument, she asserts the utilization of Case No. CR 19-637288-A, to enhance her current charges in Summit County, somehow violates her double jeopardy protections against successive prosecutions. However, Ms. Hall does not present this Court with a persuasive argument regarding how use of Case No. CR 19-637288-A, for the sole purpose of proving an element of the current OVI charges, violates her protections against double jeopardy. Indeed, the State is not re-prosecuting Case No. CR 19-637288-A to offend Ms. Hall's protections against double jeopardy. Instead, the State, like in *Echard, supra*, is using Case No. 19-637288-A to prove an *element* of the current charges. Therefore, Ms. Hall's protections against double jeopardy have not been violated in this matter, and trial court did not err in denying Ms. Hall's motion to dismiss in this regard.

{¶12} Accordingly, Ms. Hall's sole assignment of error is overruled.

III.

{¶13} Based upon the foregoing, Ms. Hall's sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

RICHARD J. KOLODA, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.