OPINION
{¶ 1} Appellant, Albert M. Chiominto, Jr., appeals from the judgment entry of the Lake County Court of Common Pleas, denying his motion to dismiss an indictment charging him with operating a motor vehicle while intoxicated (OVI), a felony of the fourth degree. At issue is whether the state used an uncounseled conviction to enhance the degree of offense in violation of his constitutional rights. We reverse and remand. *Page 2 
 {¶ 2} On or about September 9, 2005, appellant was arrested for OVI in violation of R.C. 4511.19(A) and/or (B). He was later indicted for felony OVI as a result of being convicted of or pleading guilty to three or more violations of R.C. 4511.19(A) or (B) within the previous six years. On July 3, 2007, appellant pleaded no contest to one count of OVI, a felony of the fourth degree in violation of R.C. 4511.19(A)(1)(a).
 {¶ 3} Prior to his plea, appellant filed a motion to dismiss challenging the indictment based upon prior, uncounseled convictions. In his motion, he outlined the prior convictions that were uncounseled. The trial court deferred ruling on appellant's motion until after the Supreme Court of Ohio issued its ruling in State v. Brooke,113 Ohio St.3d 199, 2007-Ohio-1533, a case which would control the outcome of the motion.
 {¶ 4} On June 1, 2007, a hearing on appellant's motion was held. Appellant's counsel presented an affidavit outlining the charges to which he had pleaded guilty without the assistance of counsel. Defense counsel narrowed the specific challenge to appellant's most recent OVI conviction which was adjudicated on June 28, 2004, in the Lyndhurst Municipal Court. This offense, the third in six years for appellant, was a "serious offense" and therefore placed a greater burden on the state to prove the validity of the waiver.
 {¶ 5} In response, the state presented written waivers of counsel signed by appellant on each of the three prior OVI convictions. With respect to the June 28, 2004 conviction, the state submitted the trial court's judgment entry, a written "statement of rights" which included appellant's signed waiver of counsel, and an affidavit from the trial judge presiding over the 2004 matter, executed May 31, 2007 (thirty-five months following entry of judgment), indicating appellant knowingly, intelligently, and voluntarily *Page 3 
waived his right to counsel in open court in that case. The affidavit also stated that while the court had taped the proceedings, the tape had been since disposed of pursuant to the court's local rules requiring such recordings to be "recycled or destroyed" after one year unless the matter is pending on appeal.
 {¶ 6} After considering the arguments, the trial court overruled appellant's motion. On August 6, 2007, the trial court sentenced appellant to three years community control, including 180 days in the Lake County Jail. Appellant now appeals assigning one error for our review:
 {¶ 7} "The trial court erred when it overruled the defendant-appellant's motion to dismiss the indictment where the seriousness of the crime was increased due to previous uncounseled convictions, in violation of the defendant-appellant's due process rights and rights to counsel as guaranteed by the Sixth andFourteenth Amendments of the United States Constitution and Article I, Section 10
of the Ohio Constitution."
 {¶ 8} Under his sole assignment of error, appellant asserts the indictment should have been dismissed because the state failed to prove that appellant made a valid waiver of counsel on a predicate conviction used to enhance his current OVI charge to a felony of the fourth degree.
 {¶ 9} When a prior conviction is used by the state not simply to enhance a penalty but to transform the crime itself by increasing its degree, the prior conviction is an essential element and must be proved beyond a reasonable doubt. Brooke, supra, at ¶ 8, citing State v.Allen (1987), 29 Ohio St.3d 53, 54. Appellant's three previous convictions were used to augment the current OVI to a fourth-degree felony thereby necessitating such proof. Because the state was required to prove the past convictions, *Page 4 
appellant possessed the limited right to collaterally challenge the validity of any or all of the convictions. Brooke at ¶ 9.
 {¶ 10} "A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm." Brooke at ¶ 9, citing State v. Brandon (1989),45 Ohio St.3d 85, 86. "An uncounseled misdemeanor conviction cannot be used to enhance a sentence in a later conviction. * * * An uncounseled conviction is one where the defendant was not represented by counsel nor made a knowing and intelligent waiver of counsel." State v. Neely, 11th Dist. No. 2007-L-054, 2007-Ohio-6243, at ¶ 13. (Citation omitted.)
 {¶ 11} When a prior conviction is challenged, an appellate court shall presume all underlying proceedings were legally valid and a defendant is required to introduce contrary evidence to establish a prima facie demonstration of a constitutional problem. Brandon, supra, at syllabus. Once the defendant demonstrates a prior conviction was uncounseled, the burden shifts to the state to prove there was no constitutional infirmity. Id. at 88. For the sake of penalty enhancement in a later conviction under R.C. 4511.19, once a defendant meets his initial burden, the state must establish that the right to counsel was knowingly, voluntarily, and intelligently waived. Cf. Brooke, supra, at ¶ 25.
 {¶ 12} In analyzing whether counsel was properly waived in a prior case, we must determine whether the matter was a "serious offense" or a "petty offense." Crim. R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." *Page 5 
Alternatively, a "petty offense," defined by Crim. R. 2(D), is "a misdemeanor other than a serious offense." With respect to misdemeanor pleas, Crim. R. 11 states:
 {¶ 13} "(D) In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
 {¶ 14} "(E) In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
 {¶ 15} "The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule."
 {¶ 16} Crim. R. 44(B) and (C) respectively provide:
 {¶ 17} "(B) Counsel in petty offenses.
 {¶ 18} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
 {¶ 19} "(C) Waiver of counsel. *Page 6 
 {¶ 20} "Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 21} Crim. R. 22 states that "[i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * *."
 {¶ 22} Pursuant to the foregoing rules, any waiver of counsel must be made on record in open court, and in cases involving serious offenses, the waiver must also be in writing and filed with the court.Brooke, supra, at paragraph two of the syllabus.
 {¶ 23} Under the circumstances, appellant does not dispute he was convicted of the past offenses used to enhance the degree of the instant offense; rather, he challenges the validity of his most recent OVI conviction asserting he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to counsel.[1] To this end, appellant made a prima facie showing that his June 28, 2004 plea, a serious offense, was uncounseled.[2] Pursuant to the above authority, the state therefore bore the burden of establishing the validity of the 2004 plea. To meet its burden, the state was required to show the waiver was made on record in open court and was also memorialized in writing and filed with the court. *Page 7 
 {¶ 24} In an effort to meet its burden, the state submitted certified, documentary evidence of appellant's "statement of rights" which appellant signed on June 28, 2004. This statement provides, in relevant part:
 {¶ 25} "I hereby state that I have been informed by the Court of my rights and understand the following:
 {¶ 26} "* * *
 {¶ 27} "3. My right to retain counsel even if I intend to plead guilty and of my right to a reasonable continuance to secure counsel;
 {¶ 28} "4. My right to have counsel assigned to me without cost if I am unable to employ counsel even though I intend to plead guilty and of my right to a reasonable continuance.
 {¶ 29} "* * *
 {¶ 30} "I STATE THAT I HAVE RECEIVED A COPY OF THE COMPLAINT WITHKNOWLEDGE OF MY RIGHTS. I HEREBY KNOWINGLY, VOLUNTARILY ANDINTELLIGENTLY ENTER A PLEA OF: * * *" (Emphasis sic).
 {¶ 31} Appellant then entered a plea of no contest, formally waived his right to an attorney, and signed and dated the document. The document was not time-stamped for purposes of journalization in the record.
 {¶ 32} In addition to the foregoing acknowledgement and waiver, the state submitted a certified copy of the judgment entry from appellant's 2004 OVI conviction. The entry provides, in relevant part:
 {¶ 33} "Defendant present for arraignment * * * without counsel, all rights pursuant to:
 {¶ 34} "Criminal Rules 10 11 * * * explained." *Page 8 
 {¶ 35} The judgment entry was journalized with the Lyndhurst Municipal Court on June 28, 2004.
 {¶ 36} Finally, the state submitted an affidavit prepared by the municipal court judge accepting appellant's 2004 plea. The affidavit, executed May 31, 2007, averred that appellant had appeared before her for a change of plea hearing on June 28, 2004. At the hearing, appellant was fully advised of his right to counsel and, during the hearing, he made a knowing, intelligent, and voluntary oral and written plea and waiver of his right to counsel. The affidavit stated that the entire hearing was recorded by an audio device which was maintained for one year. After retaining the recording for one year, the tape was disposed of pursuant to Loc. R. 10(B), which provides: "The court shall maintain exclusive custody and control of the electronic recording tapes for a period of one year. At the expiration of such period, tapes will be recycled or destroyed except in the instance of an appeal in which even the subject tapes will be retained during the pendency of the appeal."
 {¶ 37} After reviewing the foregoing evidence, the trial court overruled appellant's motion to dismiss concluding the state met its reciprocal burden under Brooke and therefore the 2004 OVI conviction could be used to enhance the instant OVI offense. Appellant takes issue with this determination. Specifically, appellant argues that the affidavit of the judge accepting his 2004 plea amounts to a simple statement on record that appellant waived counsel which, according toBrooke, is insufficient to demonstrate a valid waiver. Id. at ¶ 53. Thus, the affidavit did not meet the standard for a valid waiver and the trial court's decision should be reversed.
 {¶ 38} "Presuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or *Page 9 
there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. (Carnley v. Cochran, 369 U.S. 506, followed.)" State v. Wellman (1974), 37 Ohio St.2d 162, at paragraph two of the syllabus; accord, Brooke, supra, at ¶ 25.
 {¶ 39} In Brooke, Justice Lanzinger wrote: "[f]or a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant. In a serious-offense case, in addition, the waiver must be in writing." Id. at ¶ 54. (Emphasis added.) This indicates that a record of the colloquy, in some form, must be presented. This is because the colloquy evidences the advice, in open court, which must be given a criminal defendant to obtain a valid waiver of counsel for serious offenses.
 {¶ 40} "For a serious offense, the waiver must be in open court, recorded, and in writing. Crim. R. 11(C). In all cases where the right to counsel is waived, the court `must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.' State v. Gibson (1976), 45 Ohio St.2d 366, * * *, paragraph two of the syllabus." Brooke at ¶ 53. (Parallel citations omitted.)
 {¶ 41} In the instant case, the statement of rights signed by appellant in conjunction with his June 28, 2004 plea contains the assertion he was informed by the trial court of his rights, and that he waived his right to counsel — but makes no record of this actually occurring. Consequently, we do not believe it can stand in as evidence of a colloquy, in which appellant was advised, in open court, of his right to an attorney and knowingly and voluntarily waived that right. Cf. State v. Thompson, 5th Dist. No. 2007-CA-00006, 2007-Ohio-6098, at ¶ 28-49.
 {¶ 42} We further note that this statement of rights was not journalized as part of the trial court's record in the prior case. InBrooke, the Supreme Court determined that *Page 10 
a statement of rights, signed both by the defendant, and the trial court, and journalized as part of the record in a petty offense case, was sufficient evidence the defendant had properly waived the right to counsel, in order to allow this petty offense to serve for penalty enhancement purposes. As the Brooke court stated:
 {¶ 43} "The court speaks through its journal entries. Kaine v. MarionPrison Warden (2000), 88 Ohio St.3d 454, 455 * * *. Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made a finding that the right to counsel was knowingly and voluntarily waived." Brooke at ¶ 47.
 {¶ 44} The statement of rights signed by appellant in this case regarding his June 28, 2004 plea does indicate the trial court made a finding of knowing and voluntary waiver of the right to counsel by appellant. It was not journalized as part of the record. UnderBrooke, it is insufficient to allow the use of the June 28, 2004 plea in later penalty enhancement proceedings.
 {¶ 45} Without any disrespect, we similarly find that the affidavit of the judge accepting appellant's June 28, 2004 plea insufficient to establish a knowing and voluntary waiver of his right to counsel in that serious offense case. It was executed some thirty-five months following the entry of judgment in the 2004 case. That affidavit is the only item tending to show appellant made a knowing and voluntary waiver in open court, following advice of the court. It was not part of the record in appellant's 2004 case: however, the United States and Ohio constitutions require that waivers be of record, or established by "allegation and evidence." Carnley, supra, at 516; accord, Wellman, at paragraph two of the syllabus. We note that in Carnley, the State of Florida maintained that the transcript of petitioner's trial would support its position that petitioner *Page 11 
waived his right to counsel. Id. at 516, fn. 10. The United States Supreme Court found no evidence of a knowing and voluntary waiver of counsel in the transcript. Id.
 {¶ 46} There may well be cases in which an explicit waiver is not of record. However, if those cases are to be used in later penalty enhancement proceedings such as these, it seems to us any evidence used to establish that a proper waiver of counsel was made in fact, must be contemporaneous with the prior cases, and available from the records of those cases. A closed case, which has long been res judicata, should not be reopened, in effect, and new evidence, generated several years later, entered on the record, for the sole purpose of creating a newrecord sufficient for penalty enhancement purposes.
 {¶ 47} Constitutional considerations aside, there are serious prudential reasons for avoiding the solution relied on by the state in this case: i.e., requiring testimony from the trial judges in former cases to prove proper waiver of counsel in subsequent, penalty enhancement proceedings, when the records of the former cases are insufficient. We note the trial judge in this case expressed doubt, at the hearing on the matter, as to whether he could recall a plea hearing sufficiently, almost three years after the fact, to testify by affidavit that he had properly questioned a defendant regarding waiver of counsel. Whether justified or not, such doubts will arise commonly if proceedings such as this are countenanced. Further, we look with alarm at the prospect of sitting and former municipal, county, and common pleas judges being subpoenaed and required to travel to courts across the state, in order to testify regarding matters three — ten-twenty years old. While appellant failed to subpoena the judge accepting his 2004 plea in this case, the prospect described is no chimera, given the extensive "look-back periods" now in place for OVI cases. *Page 12 
 {¶ 48} The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
 {¶ 49} It is the further order of this court that appellee is assessed costs herein taxed.
 {¶ 50} The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, J., concurs,
CYNTHIA WESTCOTT RICE, J., dissents with Dissenting Opinion.
[1] Appellant does not challenge the validity of his waiver of counsel in 2000, or his 2001 OVI pleas of no contest, each of which involved petty offenses. As a result, we will not engage in a detailed analysis of these pleas. Suffice it to say, though, the evidence presented by the state revealed appellant knowingly and voluntarily waived his right to counsel on record in open court. Such is sufficient for a valid waiver of counsel as it pertains to petty offenses.
[2] As the 2004 offense was appellant's third OVI conviction in six years, it carried with it a potential for one year in jail. Under these circumstances, although the third conviction is still a misdemeanor, a court may impose a jail term that does not exceed one year. See R.C. 4511.19(G)(1)(c)(i).