[Cite as *State v. Vlosich*, 2016-Ohio-2900.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-092** |
| JEFF VLOSICH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000534.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Jeff Vlosich, appeals the judgment of the Lake County Court of Common Pleas, denying his motion in limine to exclude a prior conviction of operating a vehicle under the influence of alcohol ("OVI") for purposes of enhancing his current OVI charge to a felony. He also appeals the court's denial of his motion to dismiss the repeat OVI offender specification as unconstitutional. Appellant's appeal follows his no

contest plea to felony OVI and the foregoing specification. For the reasons that follow, we affirm.

**{¶2}** On December 8, 2014, appellant was indicted for two counts of OVI, each being a felony of the fourth degree (Counts I and 2), and each with a specification that he was previously convicted of five or more OVI offenses within 20 years of the current offense pursuant to R.C. 2941.1413; disobeying a traffic control device, a minor misdemeanor (Count 3); and failing to drive within marked lanes of traffic, a minor misdemeanor (Count 4). Appellant pled not guilty.

**{¶3}** On January 28, 2015, appellant filed a motion to suppress, a motion in limine regarding one of his prior OVI convictions, and a motion to dismiss the repeat OVI offender specification.

**{¶4}** The court held a hearing on the motions. The evidence presented during the suppression hearing demonstrated that on July 19, 2014, at about 2:00 a.m., a police officer saw appellant drive through a red light and cross over marked lanes. After the officer activated his overhead lights and siren, appellant drove his car over a curb and almost hit a tree. When appellant opened his car door, the officer smelled alcohol on his breath. Appellant fumbled for his wallet and driver's license. He said he was coming from a nearby bar where he had several drinks. His eyes were watery and bloodshot. He was slurring his speech. When the officer removed appellant from his car, he was unsteady on his feet. He refused field sobriety tests. After he was arrested, he refused to take an Intoxilyzer test.

**{¶5}** With respect to appellant's motion in limine to exclude his 1995 OVI conviction in Euclid Municipal Court Case No. 1994 TRC 10201, retired Judge Robert F.

2

Niccum, who was Presiding Judge of the Euclid Municipal Court from 1969 until 1998, testified concerning that prior conviction. Appellant committed that OVI offense on December 29, 1994 and was convicted on January 3, 1995.

{¶6} Judge Niccum said that in every OVI case that came before the court, during the defendant's initial hearing, he would advise the defendant that he had the right to counsel, the right to a continuance to obtain counsel, and the right to appointed counsel if he was indigent.

{¶7} Judge Niccum said that if the defendant did not want an attorney, he would read and explain the court's waiver-of-counsel form to the defendant. If the defendant still wanted to waive his right to counsel, the Judge would hand him the form and tell him to read it again and, if he was certain he wanted to waive counsel, to sign it. If the defendant waived counsel and signed the waiver form, the Judge then stamped the defendant's case file with two stamps that said, first, "RIGHTS EXPLAINED – DEFENDANT ACKNOWLEDGED" and, second, "DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVES COUNSEL." Judge Niccum said he followed this procedure in every OVI case without exception. He said that he never used the first stamp until after he personally advised the defendant regarding his right to counsel and that he only stamped the file with the waiver-of-counsel stamp after the defendant signed the waiver-of-counsel form. Judge Niccum said the appearance of the waiver-of-counsel stamp on appellant's file is evidence that appellant waived his right to counsel.

{¶8} The parties stipulated to a copy of part of appellant's case file, which the prosecutor presented during the hearing regarding appellant's 1994 OVI case. The

3

partial file consisted of only the citation with the judgment entry of conviction on the back of the citation. Judge Niccum said he stamped the judgment entry with a date stamp of January 3, 1995. Next to the date, Judge Niccum stamped the entry with the stamps stating: (1) "RIGHTS EXPLAINED – DEFENDANT ACKNOWLEDGED" and (2) "DEFENDANT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVES COUNSEL."

{¶9} Judge Niccum said he wrote on the judgment entry that appellant entered his guilty plea on January 3, 1995. He also wrote that appellant said he "has drinking problems" and that he "has insurance." The Judge said the entry shows he suspended the imposition of the three-day jail term, and imposed community service for the week of January 9, 1995. The entry also states that appellant was fined $775; sentenced to 60 days in jail; given one year probation; and his license was suspended for 180 days.

{¶10} In explaining why appellant's case file did not include his signed waiver-of-counsel form, Judge Niccum said he would have placed that form in the defendant's original case file. He said the file would be maintained by the Clerk for the period prescribed by the court's rules regarding records retention, which is now seven years. He said the original file would have been destroyed after that period. He said the copy of the file provided by the prosecutor was not from the original file. Rather, it was only a copy of the partial file that was sent to the community service department or the probation department at the time appellant entered his guilty plea. He said copies of the file sent to these departments contained only the citation/judgment entry, and would not have included other contents of the original file, such as the waiver-of-counsel form.

4

{¶11} Judge Niccum said that since appellant's 1994 case was more than 20 years old, the waiver-of-counsel form would have been destroyed along with the original file pursuant to the court's rules.

{¶12} Judge Niccum acknowledged he did not personally remember appellant's 1994 case, but said he advised every defendant facing an OVI charge regarding his right to counsel. Thus, Judge Niccum said that if appellant was charged with OVI in his court, as he was, he advised him of his right to counsel. For this reason, Judge Niccum said he knows he advised appellant of his right to counsel.

{¶13} Appellant did not testify at the hearing; instead, he relied on his half-page affidavit in which he said that at the time of his 1995 OVI conviction, he was not represented by counsel; that he did not understand his right to an attorney; that the Judge did not advise him of his right to counsel; that he did not waive his right to counsel; and that he did not sign any document waiving counsel. He said he was nervous and just pled guilty.

{¶14} Following the hearing on appellant's motions, the trial court denied appellant's motion to suppress, his motion to exclude his 1995 conviction, and his motion to dismiss the repeat OVI offender specification.

{¶15} After the court's rulings, appellant entered a plea bargain pursuant to which he pled no contest to Count I, OVI, with the repeat OVI offender specification.

{¶16} The court sentenced appellant to two years in prison for OVI and one year for the specification, to be served consecutively to the sentence for OVI, for a total of three years in prison.

{¶17} Appellant does not appeal the trial court's judgment denying his motion to suppress; rather, his appeal is limited to the court's denial of his motion to exclude his 1995 OVI conviction and his motion to dismiss the repeat OVI offender specification. Appellant asserts two assignments of error. For his first, he alleges:

{¶18} "The trial court erred when it overruled the defendant-appellant's motion to dismiss the [repeat OVI offender specification] where the seriousness of the crime was increased due to a previous uncounseled conviction, in violation of the defendant-appellant's due process rights and rights to counsel, as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution."

{¶19} We review a trial court's decision on a motion to dismiss under the de novo standard of review. *State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶14. However, in reviewing a trial court's findings of fact, the appellate court must determine whether there is competent, credible evidence to support the court's decision. *State v. Pate*, 11th Dist. Portage No. 95-P-0021, 1996 Ohio App. LEXIS 3006, *10 (Jul. 5, 1996). In resolving questions of fact, the court, as the trier of fact, weighs the testimony and credibility of the witnesses. *Id*.

{¶20} The Supreme Court of Ohio, in *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶9, set forth the following standard in relation to uncounseled convictions:

{¶21} Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid

6

waiver of the right to counsel, has been recognized as constitutionally infirm. *State v. Brandon*, 45 Ohio St.3d 85, 86 (1989); *Nichols v. United States*, 511 U.S. 738 (1994).

**{¶22}** Subsequently, the Supreme Court of Ohio, in *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, ¶7, explained the *Brooke* decision, as follows:

**{¶23}** [N]either 2945.75 nor *Brooke* requires the state to prove that the defendant had been represented or that he had validly waived representation. According to *Brooke*, the state does not have the burden of proving that [the defendant] had been represented or that he had validly waived representation unless [the defendant] makes a prima facie showing that he had been "uncounseled" in his prior convictions -- that is, that he had not been represented and that he had not validly waived representation. * * * A bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an "uncounseled" plea.

**{¶24}** This court followed *Brooke, supra,* in *State v. Vacchelli*, 11th Dist. Ashtabula No. 2007-A-0078, 2008-Ohio-1780, in stating as follows:

**{¶25}** When a defendant contests the use of a prior conviction on the ground that he or she has entered an uncounseled plea in the prior case, the burden is on the defendant to introduce evidence to make a prima-facie showing of constitutional infirmity. [*State v. Neely,* 11th Dist. Lake No. 2007-L-054, 2007-Ohio-6243,] ¶14. Thus, '[w]here questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity.' *Brooke* at ¶11. Once the prima-facie case is made, then the burden shifts to the state to prove that the right to counsel was properly waived. *Id.* To do so, the state must show there was a knowing, voluntary, and intelligent waiver of the right to counsel under the Sixth Amendment. *Id.* at ¶25. *Vacchelli* at ¶14.

**{¶26}** In summary, the burden is not initially on the state to demonstrate that the defendant was represented by counsel in the prior misdemeanor conviction or that he validly waived representation because the burden is initially on the defendant to make a prima-facie showing that his prior conviction was uncounseled. In fact, the defendant

7

has the burden of proving a "constitutional defect in any prior conviction" by a preponderance of the evidence. R.C. 2945.75(B)(3). Only after the defendant makes a prima-facie showing that his prior conviction was uncounseled does the burden shift to the state to show the defendant properly waived counsel.

{¶27} Further, in addressing the state's burden to prove a waiver of counsel in a prior case, we must determine whether the prior offense was a "serious" offense or a "petty" offense. The Ohio Supreme Court in *Brooke, supra,* stated: "[A]ny waiver of counsel must be made *on the record in open court* and in cases involving serious offenses where the penalty includes confinement of more than six months, the waiver must also be *in writing and filed with the court.*" (Emphasis added.) *Id.* at ¶24, citing Crim.R. 44(C). "A first or second OVI offense within six years is a first-degree misdemeanor, a petty offense." *State v. Faulkner*, 2d Dist. Champaign No. 2013-CA-43, 2015-Ohio-2059, ¶11. Appellant's December 29, 1994 OVI was his second OVI offense within six years (his first being in March 1989), and was thus a petty offense. As a result, the state was only required to show that appellant's waiver of counsel was made on the record in open court; it was not also required to show his waiver of counsel was in writing and filed with the court. *Brooke, supra,* at ¶25.

{¶28} Appellant argued below that his 1995 OVI conviction was constitutionally infirm because he was not represented by counsel and the record of those proceedings does not show he waived his right to counsel. The trial court found that appellant made a prima-facie showing that he was not represented by counsel and had not waived his right to counsel, thus shifting the burden to the state to show appellant waived his right to counsel. However, in denying appellant's motion in limine, the trial court stated:

8

**{¶29}** The parties stipulated to the authenticity * * * of exhibit two (a copy of the record of Case No. 1994 TRC 10201 from Euclid Municipal Court) and exhibit three (stamped phrases "RIGHTS EXPLAINED – DEFENDANT ACKNOWLEDGED" and "DEFENDANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVES COUNSEL", entries used by the then presiding judge). Also before the court is an affidavit from the current clerk of courts for the Euclid Municipal Court stating that there is no audio tape or transcript of the hearing on January 3, 1995. The state does not argue that Vlosich was represented by counsel.

**{¶30}** Exhibit two does not include a written waiver of counsel by Vlosich. The top of page three of exhibit two does, however, show two stamped entries identical to exhibit three. The state also presented testimony by the then presiding judge (now retired Judge Robert F. Niccum) about the procedures that he regularly followed. He testified that while he does not remember the hearing with Vlosich, he was very careful to invariably follow a set procedure about advising defendants of their rights. He assumed the bench on February 17, 1969 and since the mid-1970s started strictly advising defendants about their right to an attorney and if indigent, their right to a court appointed attorney and their right to a trial. He testified that he used a specific procedure in OVI cases * * *. He initially advised defendants of their rights en masse and then he addressed them individually.

**{¶31}** When addressing a defendant individually, the judge advised that he or she could obtain a continuance to get an attorney and if the defendant had no funds, the defendant had the right to proceed on their own or obtain a court appointed attorney. The judge outlined the guilty plea, the not-guilty plea and a no contest plea and the defendant's right to a trial and to call witnesses. * * * [I]f desired, the defendant could get his case continued to the next week. If the defendant did not have an attorney and did not request one, the judge gave the defendant a waiver of counsel form, read it to the defendant while the defendant read it and if the defendant wanted to waive the right to an attorney, had the defendant sign the form. He would not accept an oral waiver of counsel. If the defendant waived counsel and signed the waiver form, the judge would stamp the file indicating that the defendant's rights were explained to him and that the defendant knowingly, intelligently and voluntarily waived counsel. He would not stamp the file if the defendant did not sign a written waiver of counsel. The judge was very firm in his testimony that he never varied from this procedure.

9

{¶32} While the case file currently before this court does not include a written waiver of counsel form, Judge Niccum explained that the file is not the court file, but a partial copy of the file that was probably sent to the probation department or the community services department. He testified that files originally were kept for [36] years, but later were retained only for [10] to [15] years and now only [7] years. Files past that retention period were sent to * * * be burned. Since Case Number 1994 TRC 1021 is over [20] years old, it most likely was destroyed and the judge testified that he was surprised that any portion of the case file could be found. He was adamant that exhibit two is not the full case file but only a copy of a portion of it. The judge confirmed that the handwriting in exhibit two is his [and] was adamant that he would not have stamped the file unless Vlosich had signed a written waiver of counsel.

{¶33} Presuming the proceeding in Euclid Municipal Court Case Number 1994 TRC 10201 was conducted in accordance with the rules of law and finding the testimony of retired Judge Robert F. Niccum to be credible, this court finds that Vlosich had validly waived the right to counsel before entering his guilty plea. Accordingly, his conviction in * * * Case Number 1994 TRC 10201 can be used to enhance the penalty of a later OVI offense.

{¶34} Appellant argues that because no signed waiver was included in the file of his 1994 OVI case, any waiver was not of record and thus insufficient to prove he voluntarily waived his right to counsel. However, Judge Niccum said that, during appellant's initial hearing/guilty-plea hearing, he stamped appellant's judgment entry of conviction with the stamps stating that he explained appellant's rights to him; appellant acknowledged those rights; and appellant knowingly, intelligently, and voluntarily waived counsel. The Judge said he never stamped a defendant's file with these stamps unless the defendant had already signed the waiver-of-counsel form. Further, the judgment entry was signed by Judge Niccum and, according to the clerk of courts' affidavit, *entered on the court's journal.* Thus, the record in appellant's 1994 OVI case reflects that appellant knowingly, intelligently, and voluntarily waived counsel in open court.

10

{¶35} Appellant relies on this court's decision in *State v. Chiominto*, 11th Dist. Lake No. 2007-L-138, 2008-Ohio-3393, in which this court held a prior OVI conviction was uncounseled. However, his reliance on *Chiominto* is misplaced for two reasons. First, the OVI offense at issue in *Chiominto* was the defendant's third OVI offense and thus, in *Chiominto*, unlike here, the state bore the additional burden of proving the waiver was in writing. *Faulkner, supra.* Second, in this case, unlike *Chiominto*, appellant's waiver of counsel in his 1994 OVI case was made on the record in open court. In *Brooke, supra,* the Ohio Supreme Court held that the trial court's entry stating that the defendant was advised of her rights and voluntarily waived counsel, which entry was journalized as part of the trial court's record, provided sufficient evidence the defendant properly waived counsel for penalty enhancement purposes. *Id.* at ¶47. Further, nothing in *Brooke* precludes the state from attempting to meet its burden to prove a waiver of counsel through the testimony of the trial court judge who accepted the waiver. In addition, Evid.R. 406 provides: "Evidence of the habit of a person * * * is relevant to prove that the conduct of the person * * * on a particular occasion was in conformity with the habit * * *."

{¶36} Significantly, appellant does not reference any case law holding that a trial court judge is not competent to testify that he regularly followed a specific procedure in accepting a waiver of counsel to show he followed that procedure in a particular case.

{¶37} Appellant argues that "[i]t simply is not believable that the judge, who served on the bench for [29] years before retiring in 1998, never deviated from his plea colloquy and his advisement of rights regarding the waiver of counsel." Appellant thus concedes this is a credibility issue. While appellant stated in his affidavit that Judge

11

Niccum did not advise him of his right to counsel and he never waived it, the trial court, as the trier of fact, was entitled to find, as it clearly did, that appellant's affidavit testimony was less credible than Judge Niccum's in-court testimony.

{¶38} As a result, while appellant met his burden to make a prima-facie case, competent, credible evidence in the record supports the trial court's finding that the state met its burden to prove appellant waived his right to counsel in open court and on the record before entering his guilty plea. As a result, the trial court did not err in denying appellant's motion in limine regarding his repeat OVI offender specification.

{¶39} For his second and last assignment of error, appellant alleges:

{¶40} "The trial court erred by imposing a consecutive prison term under the repeat OVI offender specification in violation of the defendant-appellant's rights to equal protection and due process as guaranteed by the Fifth and Fourteenth Amendment (sic) to the U.S. Constitution and Sections 2 and 16, Article I of the Ohio Constitution."

{¶41} Appellant argues the trial court erred in denying his motion to dismiss the repeat OVI offender specification. He argues it is unconstitutional to impose a consecutive prison term under the repeat OVI offender specification because "R.C. 4511.19 and R.C. 2941.1413 permit two radically different sets of penalties for those who have committed six OVI offense[s] within twenty years, yet does place not any (sic) additional burden upon the prosecution to achieve additional punishment." In support of his argument, appellant cites *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227, in which the Eighth District held the repeat OVI offender specification is unconstitutional as a violation of equal protection.

12

**{¶42}** In *Klembus*, the appellant argued that the repeat OVI offender specification allows the prosecutor to "arbitrarily obtain a greater prison sentence for the underlying offense without proof of any additional element, fact, or circumstance." *Id.* at ¶7. Agreeing with appellant, the Eighth District in *Klembus* held that a repeat OVI offender may be subjected to an increased penalty solely at the prosecutor's discretion when deciding whether to present the repeat OVI offender specification to the grand jury. *Id.* at ¶19. "The increased penalty does not depend upon the jury finding any additional elements, facts, or circumstances beyond a reasonable doubt." *Id.*

**{¶43}** The Eighth District in *Klembus* relied on *State v. Wilson*, 58 Ohio St.2d 52 (1979), to support its holding. In *Wilson*, the Ohio Supreme Court held that prosecutorial discretion, standing alone, does not violate equal protection. *Id.* at 55. However, if two statutes "prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause." *Id.* at 55-56. Therefore, the Eighth District in *Klembus* held that, in light of the prosecutor's discretion and the fact there is no requirement to apply the specification uniformly to all offenders, the repeat OVI specification is not rationally related to a legitimate state purpose. *Klembus* at ¶21-23.

**{¶44}** The Supreme Court of Ohio allowed a discretionary appeal of *Klembus*, and in *State v. Klembus*, ___ Ohio St.3d ___, 2016-Ohio-1092, reversed the Eighth District's decision. The Supreme Court distinguished *Wilson, supra,* noting that in *Wilson,* the defendant challenged the constitutionality of the burglary statute and the aggravated burglary statute, arguing that the two statutes imposed different punishments for identical criminal conduct and thus violated equal protection. *Id.* at 55-

13

56. In contrast, the Supreme Court stated that specifications such as the repeat OVI offender specification do not prohibit conduct; they merely add sentencing enhancements to the violation of a predicate statute. *Id.* at ¶17. Thus, the Supreme Court held that because that case did not involve multiple criminal offenses, equal protection was not implicated. *Id.* at ¶18. The Supreme Court further held that the possibility of longer prison sentences for OVI offenders who continue to violate the OVI statute is rationally related to the state's interest in punishing repeat offenders and protecting the public and, thus, the repeat OVI offender specification does not violate equal protection. *Id.* at ¶22.

{¶45} We therefore hold the trial court did not err in denying appellant's motion to dismiss the repeat OVI offender specification.

{¶46} For the reasons stated in this Opinion, the assignments of error are overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.